ATLANTIC REFINING COMPANY, RELATOR, v. THE TOWN-
SHIP COMMITTEE OF THE TOWNSHIP OF HADDON,
RESPONDENT.

Argued May 6, 1940—Decided August 8, 1940.

Before Justice DONGES, by consent.

For the relator, *Albert E. Burling*.

For the respondent, *Mark Marritz*.

DONGES, J.   Relator seeks a writ of *mandamus* to compel
the issuance of a building permit for the erection of a gasoline
service station at the intersection of Haddon, Locust and
Maple avenues in the Township of Haddon, in Camden
County.   The permit was denied solely because of a provision
in the ordinance of the township regulating the operation
and maintenance of public garages, motor vehicle storage
buildings and gasoline and oil filling stations.   This pro-
vision is as follows: "No license shall be issued to any
applicant for the building, maintenance, or operation of
a public garage, motor vehicle storage building, gasoline
or oil filling station, where the same is to be constructed
or operated within five hundred (500) feet of another pub-
lic garage, motor vehicle storage building, gasoline or oil
filling station, existing or operating at the time of the

application." The land upon which relator desires to erect its service station is located within 500 feet of another such station.

There is no zoning ordinance in the township and, therefore, no question of the suitability of the land in question for the desired use is under consideration other than the one arising from its location within 500 feet of another gasoline station.

Relator contends that the section of the ordinance in question is unreasonable and that the arbitrary appropriation of the 500-feet limit is without justification and not within the police power of the municipality.

Depositions of three witnesses were taken by the relator. These tend to show that the proposed station is of the latest design, with all modern precautions against the fire hazard and with other safety features; that the station be well lighted and the style of lighting equipment will properly illuminate the approaches and the entire area; that no traffic hazard will be created by the location of the station at the proposed site.

The township offered no testimony of witnesses, but a stipulation is submitted to present the entire factual situation. This stipulation sets forth statistics relating to the fire experience of the respondent township and of three adjacent municipalities as to fires at gasoline service stations from January 1st, 1935, to March 1st, 1940. Respondent objects to the materiality of the evidence respecting such fires in the other three municipalities, but I think it is material. These figures indicate that in the Township of Haddon, a municipality of around 10,000 population, there have been two such fires, neither of which caused damage in excess of $10. There are twenty-one stations in the municipality.

In the Township of Pennsauken, population about 17,000, with about 100 filling stations, there have been five fires, four of which caused only small damage and one caused damage to the extent of $65.

In the borough of Collingswood, population about 13,000, with about thirty-three stations, there has been one such fire which caused no material damage.

In the borough of Haddonfield, population about 10,000,

with sixteen stations, there has been no known fire at a gasoline station within the period stated.

It further appears that the erection of the proposed station will not effect an increase in insurance rates upon the properties immediately adjacent thereto and that the rate of insurance on the station itself will be less than on many of the surrounding buildings.

It seems to me that this attempt to restrict the proximity of such gasoline stations can be supported only as a justifiable attempt to reduce fire hazard. No other reason is suggested why such stations should be kept 500 feet apart. As such a regulation, it must come within the police power and be designed to promote the health, safety or general welfare of the public at large. From the evidence it does not appear that gasoline service stations present such a fire hazard as to justify their enforced separation by the distance required in this ordinance.

Respondent relies upon *Morgan* v. *Collingswood,* 104 *N. J. L.* 13, where an ordinance prohibiting the erection of gasoline stations within 500 feet of a dwelling house was sustained. The regulation in that case was obviously designed for the protection of the general public in their residences. In the instant case no regard was paid to proximity to residences or to buildings where the public gather in large numbers, such as schools, churches or theatres. There appears to be no valid reason why the public safety will be served by arbitrarily limiting the distance within which service stations may be erected of each other, without regard to other conditions.

Respondent argues that the site is close to three schools and school children will have to pass by the location; that the location is in close proximity to two overhead railroad bridges; and is in close proximity to a point where combination bus trolleys change from operation on overhead wires to motor operation. These points might be pertinent if the case were a zoning case, but they have no relation to the ground upon which the permit was denied, the distance from other stations.

I conclude that the ordinance is unreasonable and that a peremptory writ of *mandamus* should issue. If an appeal is desired, the pleadings may be molded.