56 N.J. Super. 310 (1959)
153 A.2d 67
SOCONY MOBIL OIL CO., INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF,
v.
TOWNSHIP OF OCEAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 23, 1959.
*312 Messrs. Starr, Summerill & Davis, attorneys for plaintiff (Mr. A. Vincent Field and Mr. Sidney P. McCord, Jr., appearing).
Messrs. Stout and O'Hagan, attorneys for defendant (Mr. Sidney Hertz, appearing).
KNIGHT, J.S.C.
The plaintiff, Socony Mobil Oil Co., Inc., instituted this proceeding in lieu of prerogative writs *313 challenging the validity of a provision of the zoning ordinance of the defendant, Township of Ocean, which prohibits gasoline filling stations within 1,500 feet of each other. Plaintiff also seeks a review of the action taken by the Board of Adjustment and Township Committee of the Township of Ocean in refusing to grant to it an exception under the zoning ordinance to allow the use of its premises as a gasoline filling station.
The plaintiff holds an option to lease a lot located at the northwest corner of Norwood and Roosevelt Avenues in the Township of Ocean, County of Monmouth, with a frontage of 150 feet on Norwood Avenue and 108.3 feet on Roosevelt Avenue. A gasoline filling station, among other uses, is permitted on this lot according to section 5(p-2) of the township's zoning ordinance. However, these uses, as enumerated in section 5(p-2) of the ordinance, are allowable only by means of an exception according to section 5(p-3).
The procedure to be followed by an applicant to obtain a permit for a use classified as an exception is set forth in section 5(p-4), which provides that an application:
"* * * shall be first made to the Board of Adjustment who shall hear the application in the same manner and under the same procedure as the Board of Adjustment is empowered by law and ordinance to hear cases and make exceptions to the provisions of a zoning ordinance, and the Board of Adjustment may thereafter recommend in writing to the Township Committee that a permit be granted for a use in accordance with the stipulations of this ordinance, if in its judgment the use as it is proposed to be located, will not be detrimental to the health, safety and general welfare of the community and is reasonably necessary for the convenience of the community.
Whereupon the Township Committee may, by resolution approve or disapprove such recommendation. * * *"
Accordingly, plaintiff applied to the board of adjustment for an exception to construct a gasoline filling station on the property in question. The board held a hearing on this application on March 13, 1958, and on March 27, 1958 it *314 passed a resolution recommending to the township committee that the plaintiff's application for an exception be denied. On April 21, 1958 the township committee, adopting the recommendation of the board of adjustment, passed a resolution denying plaintiff's application.
The only reason given by the board of adjustment in its resolution recommending the denial of the application was that "the proposed filling station would be within 1,500 feet of a presently existing filling station in violation of the Zoning Ordinance of the Township of Ocean." The pertinent provision of the ordinance is section 8(B) (b-3) (a), which reads as follows:
"No Motor Vehicle Salesroom, Filling Station, or other establishment where motor fuel, lubricating oils or motor accessories are stored or motor services are rendered, may be located within 300 feet of any property upon which a church, school, hospital, institution, theatre, or public assembly seating over fifty persons, is located, nor may a filling station be within 1,500 feet of another filling station, and said distances shall be measured on a straight or air line from the outer boundary or property line in the one instance to the nearest property or boundary line." (Emphasis supplied)
Plaintiff contends that the provision of this section of the zoning ordinance which prohibits filling stations within 1,500 feet of each other is arbitrary, capricious, unreasonable, discriminatory, an unjust restraint on free trade, and unrelated to the public health, safety, welfare or morals of the community; and prays that a judgment be entered reversing the action of the Board of Adjustment and the Township Committee of the Township of Ocean, and that the proper officials be ordered to issue to plaintiff a zoning permit.
The Township of Ocean is predominantly residential in character, with a population that is rapidly increasing. It has several business districts but little industrial activity. Plaintiff's lot is located in one of four Class A business districts in the township. The easterly boundary of this *315 district runs north and south along the west side of State Highway No. 71, known as Norwood Avenue, for a distance of approximately 2,000 feet. The district is bounded on the south by the Borough of Deal and on the west and north by the westerly right of way of the New York and Long Branch Railroad. In the business district along the west side of Norwood Avenue there is an Acme and an A & P food market, each with a large parking area, and numerous other business establishments, some of which have driveways and others of which do not.
On Norwood Avenue there are five gasoline filling stations within half a mile of plaintiff's lot. One is approximately 200 feet to the north in the township, and another is about 1,500 feet to the north on the opposite side of Norwood Avenue in the City of Long Branch. Within half a mile to the south of plaintiff's lot there are three more gasoline filling stations on Norwood Avenue in the Borough of Deal. Three-quarters of a mile west of plaintiff's lot, along Roosevelt Avenue, there are three additional gasoline stations in the township.
The plaintiffs rely on the testimony given before the Board of Adjustment of the Township of Ocean on March 13, 1958; the deposition of Mr. Harold D. Shannon, a member of the Township Committee of the Township of Ocean; and the testimony of Mr. Earl Duffett, a claim and safety supervisor of the plaintiff corporation, taken before the Board of Adjustment of the Township of Ocean on December 12, 1957. That testimony tends to establish that the operation of a gasoline service station does not create a serious fire hazard as opposed to other uses, because of the low incident of fires in such a business; that gasoline storage tanks are safe from fire and there is little or no risk of explosion; that the fire insurance rates for gasoline stations are less than that of other commercial establishments; and that the operation of such a business will create no traffic hazard for other automobiles or pedestrians either on or off the business premises.
*316 At the hearing before this court the defendant called as witnesses, among others, the following persons: Mr. James J. Garrity, the Mayor of the Township of Ocean; Mr. Robert S. Barrabee, the Chairman of the Planning Board of the Township of Ocean; Mr. William D. Ayres, the Township Engineer; Mr. Seymour Stillman, an expert on municipal planning; and Mr. John Lazarus, a real estate expert.
Mr. Garrity and Mr. Barrabee testified that the prohibition of gasoline stations within 1,500 feet of each other was adopted as a safety measure due to the traffic conditions in the business districts of the township and as part of an over-all plan for the development of the township and the most appropriate use of property. The mayor stated that in considering the 1,500-foot regulation they discussed the "over-all plan and the good and the necessity of more gas stations in the community, the speed on a highway * * * and * * * how long at that rate of speed it would take to stop and coming out of a gas station, the traffic problem that would be, and, of course, the over-all planning of the business section in general."
Mr. Ayres testified that 1,500 feet was the minimum distance for traffic safety in view of the conditions existing in the business districts of the township. He stated that the planning board, with whom he met, considered "the comprehensive zoning plan of the entire Township * * * the residential areas concerned, the width of the highways, right-of-way lines, width of pavements, business sections, whether or not it was a main artery involved * * * the continual growth of the Township * * * the amount of traffic, the speed of the car," and "the size of the plots involved for gasoline stations" in considering this regulation of gasoline stations.
Mr. Stillman testified that in his opinion the provision under attack was reasonable and that according to sound planning there should be one gasoline station for every 1,000 or 1,500 persons. He stated that this was a general guide used by planning consultants and that "within Ocean Township *317 * * * there are not only sufficient but a slight over supply of gasoline stations on the basis of one gas station per 1,000 persons."
Mr. Lazarus testified that there is a direct relationship between gasoline stations and population, in that there should be 500 families within a radius of each gasoline station. He stated that in the Township of Ocean there are approximately 3,500 families served by 13 gasoline stations, which are sufficient to satisfy the community needs. He also stated that in his opinion the provision of the ordinance under attack has had a tendency "to enhance the value of real estate properties as a whole, in general, throughout the municipality," and that gasoline stations have a tendency to depreciate the value of adjacent and surrounding real estate. Mr. Lazarus also stated that 9,170 vehicles travel on Norwood Avenue in the township in a 24-hour period, based upon a yearly average, but that during July and August the average is 12,300 vehicles in a like period.
Although it has not been raised by either of the parties, it should be noted that the procedure followed by the board of adjustment and the township committee in acting upon plaintiff's application for an exception was not proper, according to the terms of section 5(p-4) of the zoning ordinance. That section provides for a recommendation by the board of adjustment to the township committee only where there is affirmative action on the application. Where, as here, the board of adjustment does not recommend the granting of an exception, it must deny it without forwarding the matter upon a "recommendation of denial" to the township committee. The township committee has no authority under this ordinance to consider an application for an exception, once it has been denied by the board of adjustment. However, inasmuch as the board of adjustment did not recommend that the exception be granted, the court is treating the recommendation of the board as a denial of the application for the purposes of this action.
*318 The plaintiff is here appealing the board of adjustment's denial of the requested exception. In so doing, plaintiff is challenging the validity of a particular provision of the zoning ordinance upon which the denial was based. The board of adjustment did not find as a matter of fact that the granting of the exception would be detrimental to the health, safety and general welfare of the community and/or not reasonably necessary for the convenience of the community, according to section 5(p-4) of the zoning ordinance, but merely refused to recommend the granting of the exception because the proposed filling station would be within 1,500 feet of an existing filling station. It seems clear that even if this court were to hold that the 1,500-foot prohibition in the ordinance was invalid, it could not order that an exception and a zoning permit be granted to the plaintiffs in the absence of a finding of facts and conclusion thereon by the board of adjustment on the above issue which is within the board's quasi-judicial duty under the ordinance. The court could do no more than remand the matter to the board of adjustment for their further consideration of plaintiff's application and a proper finding of facts by them to substantiate their action. Besides, it should also be noted that the Board of Adjustment of the Township of Ocean has not been made a party in this proceeding, and a review of its action would not be proper. The court is therefore only considering the validity of the ordinance in question. In addition, the court may have been in error in permitting the plaintiff, over the defendant's objection, to introduce into evidence at the pretrial conference the transcript of testimony taken before the Board of Adjustment of the Township of Ocean on March 13, 1958, as part of its affirmative case. In so doing, the defendant's right of cross-examination of this testimony has been violated. However, in view of the conclusions reached by this court, the ruling is not prejudicial to the defendant's case.
In limine, it must be recognized that the judicial role in reviewing a zoning ordinance is tightly circumscribed. *319 There is a strong presumption in favor of its validity, and the court cannot invalidate it, or any provision thereof, unless this presumption is overcome by a clear showing that it is arbitrary or unreasonable. Kozesnik v. Montgomery Tp., 24 N.J. 154 (1957); Napierkowski v. Gloucester Tp., 29 N.J. 481 (1959); Zampieri v. Township of River Vale, 29 N.J. 599 (1959). Furthermore, an ordinance that may operate reasonably in some circumstances and unreasonably in others is not void in toto, but is enforceable except where in the particular circumstances its operation would be unreasonable and oppressive, Pennsylvania R. Co. v. Mayor, etc., of Jersey City, 47 N.J.L. 286 (E. & A. 1885); Independent Pennsylvania Oil Co. v. Mayor and Common Council of City of Gloucester, 102 N.J.L. 502 (Sup. Ct. 1926). The determination of such an issue depends upon an evaluation of the proven facts within the context of applicable legal principles. The total factual setting must be evaluated in each case, and if the issue be in doubt, the ordinance must be sustained. Bogert v. Washington Tp., 25 N.J. 57 (1957).
Our zoning statute, N.J.S.A. 40:55-30 et seq., has delegated to municipalities the legislative power to adopt zoning ordinances as part of the police power. N.J.S.A. 40:55-32 specifically provides that all the regulations:
"* * * shall be * * * designed for one or more of the following purposes: to lessen congestion in the streets; secure safety from fire, panic and other dangers * * * shall be made with reasonable consideration * * * to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."
The exercise of the police power is contained by the rule of reason in that there must be a substantial relationship between the means invoked, namely, the restraint put on the use of plaintiff's land, and the end in view, namely, one or more of the purposes of zoning. Delawanna Iron & Metal Co. v. Albrecht, 9 N.J. 424 (1952); Schmidt *320 v. Board of Adjustment of City of Newark, 9 N.J. 405 (1952). Restraints upon property that are unreasonable or unduly discriminatory cannot be sustained in view of the basic right of private property guaranteed by our Constitutions. But where the subject is comprehended by the police power, debatable questions of reasonableness are not for the courts to consider.
Municipalities have the power to regulate the location of gasoline stations within their boundaries, and even to prohibit them in certain zones where the facts warrant it, Schmidt v. Board of Adjustment of City of Newark, supra; L.P. Marron & Co. v. River Vale Tp., 54 N.J. Super. 64 (App. Div. 1959). Distinctions may not be made between uses where there is no reasonable basis or ground for any difference in treatment as that would constitute a violation of our constitutionally guaranteed equal protection and due process of law. Washington National Ins. Co. v. Board of Review, 1 N.J. 545 (1949); 8 McQuillin, Municipal Corporations (3d ed. rev. 1957), § 25.123. However, a distinction will be presumed to be reasonable if there be any conceivable state of facts which support such action. The classification of gasoline service or filling stations for "special regulation of such uses" has been sustained, as they are sui generis in that they are necessary to our present-day life, yet involve risks to the safety of persons and property. Schmidt v. Board of Adjustment of City of Newark, supra, 9 N.J. at page 422. Courts have taken judicial notice of the fact that the business of storing and handling gasoline at filling stations within a built-up area is attended with a peculiar degree of danger to life and property, due to its propensities and that the noxious odors, noise and traffic hazards emanating from the conduct of such a business, makes the regulation of its location necessary and reasonable. Gore v. City of Carlinville, 9 Ill.2d 296, 137 N.E.2d 368 (Sup. Ct. 1956); Hoffman v. Mayor and City Council of Baltimore, 187 Md. 593, 51 A.2d 269 (Ct. App. 1947); Albright v. Johnson, 135 N.J.L. 70 (Sup. Ct. 1946).
*321 The ordinance in question, which prohibits gasoline filling stations within 1,500 feet of each other, is aimed at preventing too many such uses in a small area in order to protect the public from the traffic hazards caused thereby, and as a part of a comprehensive plan for the future development of the municipality and the most appropriate use of the property therein. The court recognizes that "a multiplication of filling stations in a comparatively small locality increases the danger to the public notwithstanding the care and caution with which the business may be conducted." 8 McQuillin, op. cit., supra, at § 25.178, p. 447; Hoffman v. Mayor and City Council of Baltimore, supra.
The lot in question fronts on Norwood Avenue and is located at the corner of a busy intersection. The evidence indicates that too many filling stations in close proximity to each other along this main artery will create a traffic hazard endangering the public health, safety and welfare. The court is of the opinion that this type of regulation is reasonable under the present circumstances. See O'Connor v. Mayor and Council of Borough of North Arlington, 1 N.J. Super. 638 (Law Div. 1949), where a similar regulation was sustained.
The court cannot say that the prohibited distance itself (1,500 feet as opposed to some other distance) is arbitrary or unreasonable. This is a debatable question, and in view of the expert testimony on the traffic conditions and the conscientious consideration given to this regulation by the municipal officials, the court must leave such determinations to the local legislative body. The case of Atlantic Refining Co. v. Township Committee of Haddon Township, 125 N.J.L. 202 (Sup. Ct. 1940), is not apposite, as here the evidence amply justifies the regulation.
Inasmuch as it is reasonable to classify gasoline filling stations for special regulations due to their peculiar characteristics, the argument that the ordinance is discriminatory because other private business driveways were not regulated in the same manner is not sustainable. Furthermore, *322 the regulation is part of a comprehensive plan for the proper development of the municipality according to the most appropriate uses and the evidence supports this conclusion.
The provision of the zoning ordinance which prohibits gasoline filling stations within 1,500 feet of each other is upheld. A judgment may be submitted accordingly.