This is an appeal from the denial by the defendant zoning board of appeals of an application for a "variance and/or special exception" under §§ 4.1, 4.11 and 4.12 of the zoning regulations of the town of Rocky Hill, which deal with public garages and automobile filling and servicing stations. The plaintiffs are the owners of a parcel of land located in a heavy commercial zone in Rocky Hill and were seeking a variance permitting, upon receipt of the required certificate of approval of location, the erection of a gasoline filling station within 1500 feet of an existing station. This was prohibited under § 4.12, which provides as follows: "No gasoline or diesel filling station, either as a primary or a secondary activity, shall be erected near any building or premises used for such purpose or any part of a lot within a radius of fifteen hundred (1500) feet of any lot or plot used or proposed to be used for within the stated purposes."
The complaint alleges that the defendant board acted illegally, arbitrarily and in abuse of its discretion in denying the application and alleges violations of the plaintiffs' rights under thefourteenth amendment to the United States constitution and article first, § 11, of the constitution of the state of Connecticut. It further alleges that the defendant exceeded its authority in denying the application and that it failed to state upon its records the reason for its decision "in denying the variance and/or special exception." In addition, the complaint alleges that the highest and best use of the land in *Page 477 
issue is for a gasoline station and that the plaintiffs have been illegally deprived of its use for same. It is obvious that the plaintiffs herein not only are appealing from the action of the defendant in failing to grant the "variance and/or special exception" requested in the application but seek to raise constitutional issues.
The appeal is before this court solely on the record made in the public hearing before the defendant board and the minutes of the executive session of the board. Examination of the record discloses that it concerns an application made by the plaintiffs for a "variance and/or special exception" under §§ 4.1, 4.11 and 4.12 of the zoning regulations. Of these three sections, only § 4.12, which deals with the 1500-foot restriction, is in issue. Moreover, no one of these sections referred to in the application contains any provision relative to a "special exception." The application, stripped to its bare bones, sought a variance of the 1500-foot restriction under § 4.12.
 I
Under the zoning regulations of Rocky Hill which became effective August 22, 1960, the board of appeals has the following powers: "13.11. To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the Zoning Administrator in connection with the enforcement of these regulations. . . . 13.13. To determine and vary the application of these regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting the district in which it is situated, a literal enforcement of these regulations *Page 478 
would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public welfare and safety secured."
The legal notice of the public hearing on the application filed gave notice of a public hearing relative, inter alia, to the application of "Gerald S. Berson and Matthew J. Reiser, 1 Robbins Lane, Rocky Hill, to erect a gasoline station on the southeast side of intersection of Marshall Road and Silas Deane Highway. State hearing also." Examination of the record of this public hearing leads inevitably to the conclusion that the plaintiffs and the defendant board construed the application as requiring a hearing not only on the application for a variance but also for a certificate of the suitability of the location of the subject parcel. All the evidence adduced by the plaintiffs was addressed to the issue of suitability of the location under the guidelines set forth in the statute. General Statutes § 14-322.
It hardly needs clarification that a zoning board of appeals performs a separate and distinct function in passing, as the agent of the state under §§ 14-321 and 14-322, upon an application for a certificate of approval of location. In so doing, the board is required to determine suitability of location, giving due consideration "to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." § 14-322.
In this case, the defendant board was not legally empowered to consider or grant a certificate of approval until the required variance relative to the 1500-foot restriction under § 4.12 was granted. Consiglio *Page 479 
v. Board of Zoning Appeals, 153 Conn. 433,435; Sun Oil Co. v. Zoning Board of Appeals,154 Conn. 32. This aspect of the situation appears to have been completely overlooked by the plaintiffs. There was no evidence whatsoever adduced to show "conditions especially affecting such parcel but not affecting the district in which it is situated"; nor was there any evidence directed to show that "a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship." Rocky Hill Zoning Regs. § 13.13. The only reason set forth in the application filed, with regard to the specific hardship claimed, is: "[B]ecause of its location contiguous to the entrance and exit ramps to Interstate Route 91 the highest and best use of this property is for an automobile filling and servicing station." When this hardship reason is related to the issue of a variance because of "exceptional difficulty or unusual hardship," the "legal inefficacy of such a reason is so apparent as to require little discussion." Baccante v. Zoning Board of Appeals,153 Conn. 44, 47.
Innumerable cases of our Supreme Court have stated and restated the powers and duties of zoning boards of appeal relative to the granting of variances. Most recently, the case of Ward v. ZoningBoard of Appeals, 153 Conn. 141, has reviewed the applicable law. At page 143, the opinion points out: "The hardship requirement is a fundamental one in zoning law and has been discussed in innumerable opinions of this court in recent years. . . . One seeking a variance must show that his property is peculiarly disadvantaged by the operation of the zoning ordinance and not merely that a general hardship, equally applicable to other properties in the neighborhood, results from a strict enforcement of the code. . . . Evidence of financial considerations, short of a drastic depreciation in the value of *Page 480 
the property, will not suffice." The evidence adduced in this case, it must again be emphasized, is completely devoid of any proof that the subject property was "peculiarly disadvantaged." And the hardship, if any, caused by the operation of this zoning regulation is a general one, equally applicable to other properties in the district.
The defendant board, in executive session, voted to deny the application. From its minutes setting forth the reasons for the denial, it would appear that the board itself was under the impression that it was acting both on an application for a variance and on the issue of suitability of location under the statutes. But reasons set out in these minutes clearly meet the real issue presented herein, namely, whether the plaintiffs were entitled to a variance of § 4.12: "The applicant has not proved a hardship . . . [nor] has he presented any unusual difficulty for himself or anyone else, if this station were not erected. He also has . . . not proved that public welfare or convenience would be served in any way by the erection of this filling station. The fact is that I can see no reason to build a filling station at this location other than to profit the owners and . . . [possibly] the operators. This in itself is an insufficient reason for the granting of a variance."
The plaintiffs have failed to sustain the burden of proof upon them to show that the defendant acted illegally, arbitrarily or in abuse of its discretion in denying the application for a variance. Since a variance of § 4.12 was not granted, the application for the certificate of approval perforce had to be denied by the board. Consiglio v. Board ofZoning Appeals, 153 Conn. 433, 435. The same failure of proof exists as to the plaintiffs' claims relative to the highest and best use of their property. *Page 481 
 II
There remains to be considered in this case the issues, which the plaintiffs seek to raise, of confiscation of property and the constitutionality of the ordinance. As was the case in DeForest HotchkissCo. v. Planning Zoning Commission,152 Conn. 262, 268, no hint of any claim that the zoning classification, as applied to the plaintiffs' property, was so confiscatory as to be unconstitutional was given the board at the hearing before it. This issue is first raised in the pleadings incident to this appeal.
This court must discuss the issues of confiscation and unconstitutionality within the permissible framework of the record herein. The plaintiffs made no attempt whatsoever to deal with these issues concretely in the evidence presented at the public hearing. The only witnesses adduced by them were the applicant and coplaintiff Gerald S. Berson; Alexander Chapman, a safety engineer; and Peter Hale, a traffic and planning expert. Coplaintiff Berson testified only to a most cursory extent. He was asked, as a real estate developer, his opinion relative to "accumulative growth," and he stated, "In my opinion, a facility of this type is both a necessary part of and an important factor in the development of an overall area." When he was asked whether, in view of the existence of other stations in the vicinity, there was "a real need for this kind of service in the area," his answer was, "You will service a different kind of clientele. It is an interesting pattern." This testimony of the coplaintiff did not remotely raise or even suggest confiscation of his property or unconstitutionality of the ordinance.
The witness Chapman confined his testimony to the safety aspects of the application and was asked *Page 482 
this question, by plaintiffs' counsel: "At my request, did you conduct a survey with respect to safety as set out by Conn. General Statutes?" The witness then gave his findings relative to schools, churches, theaters, public gatherings, pedestrian traffic, general safety of a gasoline station at the location, and fire protection. He also stated his opinion of the traffic situation "from a safety angle." The witness Hale, the traffic consultant, testified as to a traffic count he ran on one afternoon, described the physical aspects of the highway in the area of the subject property, described "sight distances," and mentioned other uses of property in the immediate area. He rendered his opinion that the proposed use "will not create a hazard to the public safety" and that a gasoline service station is not a generator of traffic. He also testified that from "the standpoint of town plan and zoning, it is obvious that this proposal ties in well with the commercial pattern of this particular area, and from the traffic point of view, because of the service character of such an operation, that this use at this location will not create a hazard."
The zoning regulations of the town are part of the record herein. They were adopted and became effective October 22, 1960. The plaintiffs' property is located in a zone designated "HC — Heavy Commercial District." In this zone, as plaintiffs' brief points out, many varied business uses are permitted. Garages, automobile service and repair stations are also permitted in this zone, subject, however, "to pertinent provisions of Section 4 of these regulations." On the issue of confiscation, therefore, it is manifest that there is permitted a wide spectrum of alternative business uses for which this subject property could be utilized. The plaintiffs made no claim and offered no evidence that this property could not economically be used *Page 483 
for any of these other permitted uses. Zygmont v.Planning Zoning Commission, 152 Conn. 550, 555;Arverne Bay Construction Co. v. Thatcher, 278 N.Y. 222; 2 Metzenbaum, Zoning, pp. 1451-1665. The plaintiffs have failed to sustain their burden of showing a confiscation of their property because its use for a gasoline service station was prohibited.
Disposal of the issue of confiscation should, in effect, dispose of the claims of unconstitutionality raised. In view of the extensive briefs submitted by both parties, presenting their claims as to the constitutionality of § 4.12, this memorandum will discuss certain relevant aspects of this issue, as argued in the briefs.
The plaintiffs assert, as a blanket claim of law, that § 4.12, setting up the 1500-foot restriction, is unconstitutional and invalid. This claim could only be made by the plaintiffs if they had been able to show, as regards their particular rights, that enforcement of this section would result in an injury, remediable in law. Proof of such an injury is essential to an attack on the constitutionality of § 4.12. See Riley v. Liquor Control Commission,153 Conn. 242, 247, where it is further pointed out: "The question of the validity of the statute must be tested by its effect on its attacker under the particular facts of his case." See also St. John'sRoman Catholic Church Corporation v. Darien,149 Conn. 712, 718.
It is uncontroverted that the section in issue is part of the zoning regulations duly adopted by the town. In State ex rel. Wise v. Turkington,135 Conn. 276, 279, the court made it clear that a 1000-foot limitation as to the location of liquor establishments, in the zoning ordinance of the city of Manchester, was "properly a zoning ordinance and a part of the general plan of zoning in the city." By *Page 484 
analogy, that holding is equally applicable to this ordinance relating to gasoline stations. As is also pointed out in St. John's Roman Catholic ChurchCorporation v. Darien, supra, 722, "we must make every presumption and intendment in favor of the regulations and sustain them unless they are clearly invalid."
The plaintiffs complain that the 1500-foot restriction under § 4.12 applies only to gasoline filling stations and not to any of the other permissible uses allowed in a heavy commercial zone. St. John'sRoman Catholic Church Corporation v. Darien,
supra, 724, holds: "Neither article first, § 1, of the Connecticut constitution nor the fourteenth amendment to the federal constitution has ever been held to prevent legislative bodies from dealing differently with different classes of persons, provided there is some natural and substantial difference germane to the subject and purposes of the legislation between those within the class included and those whom it leaves untouched."
The plaintiffs argue that the statutes relative to the issuance of a certificate of approval are all-inclusive and govern the requirements for the issuance of such a certificate. But, as has been stated previously, compliance with the zoning regulations, if valid, is separate and apart from compliance with §§ 14-321 and 14-322 of the General Statutes. Moreover, as was brought out in Connecticut TheatricalCorporation v. New Britain, 147 Conn. 546,552, "where the General Assembly has delegated to the local government the power to deal with a particular field of regulation, the fact that a statute regulates the same subject in a limited way does not, ipso facto, deprive the local government of the power to act in a more comprehensive, but not inconsistent, manner." *Page 485 
Restrictive zoning regulations similar in nature to the one which is in issue here have been enacted by other communities in this state (Stonington and Glastonbury). Our Supreme Court has not passed upon the legal validity of such a zoning restriction. In this court, a case decided July 5, 1966, Mosher
v. Stonington, Court of Common Pleas, New London County, No. 19772, involved a similar zoning regulation of the town of Stonington, setting up a 1500-foot restriction. The board denied the requested variance and an appeal was taken to this court. Although the second count of the appeal sought to raise the issue of a violation of state and federal constitutional rights, the court felt required to decide only the issue presented under the first count and held that the necessary proof of hardship to warrant the granting of a variance had not been shown. In McNamara Corporation v. RockyHill, Court of Common Pleas, Hartford County, No. 91794 (June 9, 1965), involving the precise ordinance in issue here, the court held § 4.12 invalid "in so far as it applies to the property of the plaintiff." It appears that the court did not deem it necessary, in deciding that case, to pass upon the validity of § 4.12 generally.
The validity of zoning restrictions enacted by towns and cities in various other states and imposing distance requirements as to location of gasoline stations has been passed upon in numerous foreign state court decisions, some of lower trial courts, others of appellate courts. These cases reflect the struggle going on between local governments, particularly small towns, desirous of protecting the character of their communities, and the inexorable demands of free enterprise for the erection of additional gasoline stations to satisfy the needs of a highly mobile society. "The concept of zoning embodies a clash of conflicting forces. On the one *Page 486 
hand is the common-law right of a man to use his land as he pleases, as long as that use does not create a nuisance. Matter of Monument GarageCorporation v. Levy, 266 N.Y. 339, 344. . . . On the other hand is the effort of the lawmaking body, acting under the police power, to limit that use in order to promote the health, safety, morals and general welfare of the community." Service RealtyCorporation v. Planning Zoning Board ofAppeals, 141 Conn. 632, 635.
Clearly, there exists a cleavage in the decided law as to the validity of such restrictive ordinances. An annotation in 75 A.L.R.2d 168, "Zoning regulations as to gasoline filling stations," deals generally with various legal aspects of restrictions on locations of gasoline stations. A lengthy article in 17 Syracuse Law Review 1, "Proximity Regulation of the Modern Service Station," by Benjamin Mosher, an attorney for a large oil company, analyzes the various decisions in other states, some upholding and others striking down proximity of location restrictions with regard to gasoline filling stations. Such restrictions have been upheld in Florida. FoodFair Stores, Inc. v. Zoning Board of Appeals,143 So.2d 58 (Fla.Dist.Ct.App.); Miami v. Walker,169 So.2d 842 (Fla.Dist.Ct.App.). They have also been upheld in New Jersey. Schmidt v. Board ofAdjustment, 9 N.J. 405; Socony Mobil Oil Co. v.Ocean Township, 56 N.J. Super. 310, aff'd, 59 N.J. Super. 4
. Similar restrictions have been sustained in New York. Lynch v. Gardner, 15 App. Div. 2d 562 (involving a 1000-foot restriction in the zoning ordinance of the town of New Rochelle); Lusardo
v. Town of Harrison (Sup.Ct.), 144 N.Y.L.J., No. 71, p. 17 (Oct. 11, 1960). San Antonio v. HumbleOil Refining Co., 27 S.W.2d 868 (Tex.Civ.App.), upheld an ordinance of the city of San Antonio, Texas, not part of any zoning ordinance, prohibiting *Page 487 
a gasoline station within 150 feet of an existing station. In Illinois, in Neef v. Springfield, 380 Ill. 275, a zoning ordinance prohibiting filling stations in residence A and B districts of the city was upheld. A Maryland case, Baltimore v. Shapiro,187 Md. 623, upheld an ordinance giving unrestricted power to the zoning board to pass upon the grant applications for filling stations.
In contrast to these decisions, restrictions of this type have been struck down in cases decided in various lower and higher court decisions in Illinois, Indiana, Michigan and Minnesota. These cases are cited in 17 Syracuse Law Review 15, where the author vigorously argues the position of the oil companies that there are no valid or substantial reasons for the imposition of such restrictions. It is none the less clear that in our state, traditionally, local communities have exercised a wide discretion in adapting zoning regulations to their particular character and needs. Talmadge v. Board of ZoningAppeals, 141 Conn. 639, 645, makes clear that "[r]egulations may result, to some extent, practically in the taking of property, or in restricting its uses, and yet not be deemed confiscatory or unreasonable."
The ordinance in issue, § 4.12, is part of the zoning regulations duly adopted by Rocky Hill. In § 1.1, it is specifically stated: "These zoning regulations are designed to further the purposes set forth in Chapter 124, Section 8-2 of the Connecticut General Statutes." It then elaborates in considerable detail the wide purposes covered. In Clark v. TownCouncil, 145 Conn. 476, 482-83, the basis of zoning legislation, its scope and effect are set forth in language which is particularly apropos here: "It is axiomatic that `all private property is held subject to the police power of the state.' Jennings v. Connecticut *Page 488 Light Power Co., 140 Conn. 650, 671. . . . When and how that power will be exerted is for the legislative body to decide, and courts can interfere only where the action taken fails to serve a legitimate public purpose or interferes with private rights in an unreasonable, discriminatory or arbitrary fashion. . . . When the issue whether the zoning legislation does serve the public welfare is fairly debatable, courts cannot place their judgment above that of the legislative body which enacted it."
Applying these established principles of zoning to the situation presented herein, as revealed by the record made part of this case, this court must conclude that the plaintiffs have failed to prove confiscation of their property or to show that § 4.12 is fatally defective and unconstitutional in that it deprives them of any rights protected and guaranteed to them under the pertinent provisions of the state and federal constitutions.
 The appeal is dismissed and judgment may enter for the defendant on all aspects of the appeal complaint.