RADCO, INC. *v.* ZONING COMMISSION OF THE TOWN OF BERLIN

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 96294

Memorandum filed December 19, 1967

*Mangan & Green,* of New Britain, for the plaintiff.

*Harry N. Jackaway,* of Kensington, for the defendant.

MIGNONE, J. The court took this zoning appeal on the record except for evidence adduced on the

issue of aggrievement. The plaintiff, Radco, Inc., is the present owner of two parcels of land in the town of Berlin, the subject of the instant controversy. One parcel, known as 747 Farmington Avenue, has a 50-foot frontage on Farmington Avenue. A contiguous piece is known as 462 New Britain Road and has a frontage of 250 feet on that road. This latter piece abuts at right angles the Farmington Avenue piece. The plaintiff and its predecessor in title, Johnson and Johnson, Inc., have conducted a real estate business for some years from the Farmington Avenue location.

The instant appeal is from a decision of the defendant commission refusing to change the zoning regulations of the defendant town to eliminate a distance requirement of 1500 feet between sites of gasoline stations. The plaintiff's predecessor in title, Johnson and Johnson, Inc., had petitioned for an amendment eliminating the requirement, which is now present in § 11.51.07 of the zoning regulations and prohibits the erection of a gasoline or diesel filling station "near any building or premises used for such purposes on any part of a lot within a radius of fifteen hundred (1,500) feet of any part of any lot used or proposed to be used for the within stated purposes." The plaintiff purchased the New Britain Road property subsequent to the enactment of the zoning regulations in issue in 1962.

The plaintiff's complaint alleges that it is aggrieved by reason of the defendant commission's denial of the petition. The complaint states that the 1500-foot gasoline proximity regulation is in violation of § 1 of the fourteenth amendment to the United States constitution as well as article first § 11 of the Connecticut constitution. And it alleges that the board acted illegally, arbitrarily and in abuse of the discretion vested in it by refusing to grant the petition.

The only evidence submitted as to aggrievement was through the testimony of Robert F. Johnson, the president and a 50 percent stockholder of the plaintiff, Radco, Inc. His testimony was that his firm has tried to sell the two pieces of property but has been unable to effect a sale thereof for use other than as the site of a gasoline station. He further testified that the plaintiff has a commitment from the Shell Oil Company to purchase both pieces of property for $77,000 if approval of the combined site for a gasoline station is obtained. This witness testified that his company had attempted to sell the combined parcel through another real estate agency but on cross-examination admitted that no "For Sale" signs had been placed on the property and no newspaper advertising had been made relative to offering the property for sale.

The plaintiff seeks to attack the constitutionality of the present zoning regulation on the authority of *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262. As this case points out (p. 269), it was proper to make the claim of unconstitutionality before the commission and in the pleadings and in the complaint filed in this case. But it is one thing to allege unconstitutionality and another to sustain the burden of proof in regard thereto. In order to prove unconstitutionality, the plaintiff must show, as regards its particular rights, that enforcement of this section of the zoning regulations would result in an injury, remedial in law. "Proof of such injury is essential to an attack on the constitutionality" of § 11.51.07. *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 247. In *Riley,* it is further pointed out that "[t]he question of the validity of . . . [a law] must be tested by its effect on its attacker under the particular facts of his case." See *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 718. The latter

case points out (p. 722) that "we must make every presumption and intendment in favor of the regulations and sustain them unless they are clearly invalid."

The plaintiff has failed to prove that this particular zoning enactment with reference to gasoline station site restrictions has so prejudiced the plaintiff's property rights in these two parcels that the enactment is unconstitutional vis-a-vis the plaintiff and amounts to confiscation of its properties. As is pointed out in the *DeForest & Hotchkiss Co.* case, supra, 271, proof that the value of this property had been substantially lessened because of the zoning restriction relative to gasoline station sites is not in and of itself sufficient.

In the instant case, the court must find on the evidence that the plaintiff has failed to prove that this combined parcel of land, situated on a desirable corner location, cannot be profitably used for a commercial use as allowed by the zoning regulations. The plaintiff has failed to show that it has made a bona fide attempt to sell the combined parcels for use as presently permitted by the zoning regulations. The fact that the plaintiff can sell the two parcels for $77,000 if the 1500-foot restriction could be eliminated is not controlling. As the *DeForest & Hotchkiss Co.* case, supra, points out (p. 272), the mere enhancement of property value is not sufficient to "justify overthrowing the commission's zonal classification as unconstitutional." It also points out (p. 271) that "[t]he burden of proving the unconstitutionality of a legislative enactment, even though of local origin, is not a light one. . . . The maximum possible enrichment of a particular landowner is not a controlling purpose of zoning."

Disposal of the confiscation issue should, in effect, dispose of the claim of unconstitutionality raised.

In view, however, of the extensive briefs submitted by the parties presenting their claims as to the constitutionality of this 1500-foot restriction, this memorandum will discuss the claims of the plaintiff set out in its brief.

This court had before it the same issue in *Berson* v. *Zoning Board of Appeals,* 26 Conn. Sup. 475, 485, where it was stated:

"Restrictive zoning regulations similar in nature to the one which is in issue here have been enacted by other communities in this state (Stonington and Glastonbury). Our Supreme Court has not passed upon the legal validity of such a zoning restriction. In this court, a case decided July 5, 1966, *Mosher* v. *Stonington,* Court of Common Pleas, New London County, No. 19772, involved a similar zoning regulation of the town of Stonington, setting up a 1500-foot restriction. The board denied the requested variance and an appeal was taken to this court. Although the second count of the appeal sought to raise the issue of a violation of state and federal constitutional rights, the court felt required to decide only the issue presented under the first count and held that the necessary proof of hardship to warrant the granting of a variance had not been shown. In *McNamara Corporation* v. *Rocky Hill,* Court of Common Pleas, Hartford County, No. 91794 (June 9, 1965), involving the precise ordinance in issue here, the court held § 4.12 invalid 'in so far as it applies to the property of the plaintiff.' It appears that the court did not deem it necessary, in deciding that case, to pass upon the validity of § 4.12 generally.

"The validity of zoning restrictions enacted by towns and cities in various other states and imposing distance requirements as to location of gasoline stations has been passed upon in numerous foreign

state court decisions, some of lower trial courts, others of appellate courts. These cases reflect the struggle going on between local governments, particularly small towns, desirous of protecting the character of their communities, and the inexorable demands of free enterprise for the erection of additional gasoline stations to satisfy the needs of a highly mobile society. 'The concept of zoning embodies a clash of conflicting forces. On the one hand is the common-law right of a man to use his land as he pleases, as long as that use does not create a nuisance. *Matter of Monument Garage Corporation* v. *Levy*, 266 N.Y. 339, 344 . . . . On the other hand is the effort of the lawmaking body, acting under the police power, to limit that use in order to promote the health, safety, morals and general welfare of the community.' *Service Realty Corporation* v. *Planning & Zoning Board of Appeals*, 141 Conn. 632, 635.

"Clearly, there exists a cleavage in the decided law as to the validity of such restrictive ordinances. An annotation in 75 A.L.R.2d 168, 'Zoning regulations as to gasoline filling stations,' deals generally with various legal aspects of restrictions on locations of gasoline stations. A lengthy article in 17 Syracuse L.R. 1, 'Proximity Regulation of the Modern Service Station,' by Benjamin Mosher, an attorney for a large oil company, analyzes the various decisions in other states, some upholding and others striking down proximity of location restrictions with regard to gasoline filling stations. Such restrictions have been upheld in Florida. *Food Fair Stores, Inc.* v. *Zoning Board of Appeals*, 143 So. 2d 58 (Fla. Dist. Ct. App.) ; *Miami* v. *Walker*, 169 So. 2d 842 (Fla. Dist. Ct. App.). They have also been upheld in New Jersey. *Schmidt* v. *Board of Adjustment*, 9 N.J. 405; *Socony Mobil Oil Co.* v. *Ocean Township*, 56 N.J. Super. 310, aff'd, 59 N.J.

Super. 4. Similar restrictions have been sustained in New York. *Lynch* v. *Gardner,* 15 App. Div. 2d 562 (involving a 1000-foot restriction in the zoning ordinance of the town of New Rochelle) ; *Lusardo* v. *Town of Harrison* (Sup. Ct.), 144 N.Y.L.J., No. 71, p. 17 (Oct. 11, 1960). *San Antonio* v. *Humble Oil & Refining Co.,* 27 S.W.2d 868 (Tex. Civ. App.), upheld an ordinance of the city of San Antonio, Texas, not part of any zoning ordinance, prohibiting a gasoline station within 150 feet of an existing station. In Illinois, in *Neef* v. *Springfield,* 380 Ill. 275, a zoning ordinance prohibiting filling stations in residence A and B districts of the city was upheld. A Maryland case, *Baltimore* v. *Shapiro,* 187 Md. 623, upheld an ordinance giving unrestricted power to the zoning board to pass upon and grant applications for filling stations."

See also *Denver* v. *American Oil Co.,* 150 Colo. 341; *Baum* v. *Denver,* 147 Colo. 104; *Vedovell* v. *Northlake,* 22 Ill. 2d 611; *Stachnik* v. *Norridge,* 68 Ill. App. 2d 361; *State ex rel. American Oil Co.* v. *Bessent,* 27 Wis. 2d 537.

In contrast to these decisions upholding such restrictions, decisions of lower and higher state courts in several states have struck down such restrictions. See 17 Syracuse L.R. 15. It is nonetheless clear that in our state, traditionally, local communities have exercised a wide discretion in adapting zoning regulations to their particular character and needs. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 645, makes clear that "[r]egulations may result, to some extent, practically in the taking of property, or in restricting its uses, and yet not be deemed confiscatory or unreasonable."

The ordinance in issue, § 11.51.07, is part of the zoning regulations duly adopted by the defendant

town. In § 1.01, it is specifically stated: "These Zoning Regulations are designed to further the purposes set forth in Chapter 124, Section 8-2 of the Connecticut General Statutes." It then elaborates in considerable detail the wide purposes covered. In *Clark* v. *Town Council*, 145 Conn. 476, 482–83, the basis of zoning legislation, its scope and effect are set forth in language which is particularly apropos here: "It is axiomatic that 'all private property is held subject to the police power of the state.' *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 671 . . . . When and how that power will be exerted is for the legislative body to decide, and courts can interfere only where the action taken fails to serve a legitimate public purpose or interferes with private rights in an unreasonable, discriminatory or arbitrary fashion. . . . When the issue whether the zoning legislation does serve the public welfare is fairly debatable, courts cannot place their judgment above that of the legislative body which enacted it."

Applying these established principles of zoning to the situation presented herein, as revealed by the record made part of this case, this court must conclude that the plaintiff has failed to prove confiscation of its property or to show that § 11.51.07 is fatally defective and unconstitutional in that it deprives the plaintiff of any rights protected and guaranteed to it under the pertinent provisions of the state and federal constitutions.

The appeal is dismissed, and judgment may enter for the defendant on all aspects of the appeal complaint.