THE STATE OF NEW JERSEY, EX REL. A. G. CONSTRUC-
TION COMPANY, A CORPORATION OF THE STATE OF
NEW JERSEY, RELATOR, v. JOHN G. SCOTT, BUILDING
INSPECTOR OF THE CITY OF EAST ORANGE, AND THE
CITY OF EAST ORANGE, RESPONDENTS.

Argued October 6, 1926—Decided February 8, 1927.

Zoning—Chain of Public Garages in Restricted Area—Nature of
Garages Considered at Length and Held That an Ordinance
Restricting Their Erection is Reasonably Required For the
Protection of the Health, Safety and General Welfare of the
Public.

On the alternative writ of *mandamus, &c.*

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the relator, *Isadore H. Colton.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This case brings into court certain features of a zoning ordinance passed by the city of East Orange, in accordance with the various enabling acts of this state.

The matters with which we are herein concerned arise from the pleadings supplemented by a "stipulation of facts."

The relator has filed with the building inspector of the city of East Orange certain plans and specifications for the erection of a large garage to be used by the general public as a public garage.

The permit was refused because of the fact that under the zoning ordinance, hereinafter referred to, and which was in effect at the time the relator bought its property, the erection of a public garage was prohibited in that district.

The relator's property is located on the westerly side of North Munn avenue, between Park avenue and William street, in a "medium volume residence district."

At the time of the adoption of the amended ordinance, hereinafter referred to, which was on July 2d, 1921, the acts of the legislature of this state, authorizing zoning ordinances, were chapter 146, *Pamph. L.* 1918; chapter 274, *Pamph. L.* 1920; chapter 240, *Pamph. L.* 1920; chapter 82, *Pamph. L.* 1921. Since then chapter 146, *Pamph. L.* 1924, has been added.

The ordinance in question, after reciting that "for purposes of regulating and restricting the location of trades and industries, and the location of buildings designed for special uses, and also for the purpose of regulating and restricting the volume, height and area of buildings hereafter erected," provides for the division of the city into six classes of districts—(1) small volume residence districts; (2) medium volume residence districts; (3) large volume residence districts; (4) medium volume business districts; (5) large volume business

districts, and (6) large volume industrial districts; such districts being therein described and defined.

It appears from an examination of the ordinance that the character of the business in question (a public garage) is prohibited in the medium volume residence district in which relator's lands are situated, and, as we have stated, for that reason the building inspector refused the permit, and, hence, these proceedings.

The precise question involved then is whether the ordinance limiting the districts in which public garages may be erected is a proper exercise of the police power.

The case of *Schait* v. *Senior,* 97 *N. J. L.* 390, as well as *Johnston et al.* v. *Hague et al.,* 2 *N. J. Mis. R.* 77, recognize the right of the municipality to prohibit the erection of public garages in certain districts. The ordinances involved in the above cases prohibited public garages within a certain distance of certain public buildings, whereas the ordinance in question prohibits the erection of public garages within certain districts, but the principle seems to be the same.

The court recognizes the hazards connected with the business of public garages and the sale of combustibles at gasoline stations, and further recognizes the right of the governing body of each municipality to regulate this class of construction and business, and to prohibit it where necessary. The presumption is in favor of the fairness and propriety of the action of the governing body.

In the case of *Hench* v. *City of East Orange,* 2 *N. J. Mis. R.* 510, the present ordinance was passed upon by this court upon an application of the relator to erect two rows of garages, all under two roofs, and housing sixteen individual garages. The governing body of the city in that case, after investigation, had determined that the district was not a proper place for a public garage because of local conditions, and this court upheld the right of the city to refuse the permit. The court said: "It is contended on the part of the relator that, under the doctrine contained in some of our decisions, the zoning ordinance is invalid. We are not, how-

ever, upon this application, concerned with the question of the validity of the entire ordinance. The question presented substantially is reduced to the inquiry whether the ordinance is invalid so far as it prohibits the relator from erecting on this property sixteen separate garages, to be erected under two roofs." The court further said: "The statute under which the zoning ordinance was passed authorizes the municipalities to pass such ordinances as may be reasonably required for the protection of the health, safety or general welfare of the public. The presumption is in favor of the conclusion that the purpose of the governing body was that indicated in the statute, and, so far as the ordinance affects the rights of the owner of a given piece of property, the burden rests upon him to show that the ordinance is not justified on any such theory, so far as his property is concerned. If it should appear from the ordinance, plus the admitted facts in a given case, that the ordinance has no such effect, its passage cannot be justified under the statute." The court cited the case of *Ninth Street Improvement Co.* v. *Ocean City*, 90 *N. J. L.* 107; *affirmed*, 91 *Id.* 703, and pointed out that in that case the Supreme Court says: "In our judgment, the erection and management of a garage, with all its incidental dangers and inconvenience to adjoining property and public travel, are manifestly matters properly cognizable by the municipal governing body, as a subject for regulation in the public interest, under the police power expressly conferred, as, in this instance, or reasonably implied *ex necessitate* in aid of the general welfare against dangers recognized and obvious to persons and property."

In the recent case of *Long* v. *Scott*, 4 *N. J. Mis. R.* 586, the Supreme Court in passing on a case involving this very ordinance refused a writ to relator for a garage permit, holding that the reasonableness of the ordinance is presumed and the burden is on the relator to show that it is not reasonable. The lands of the relator in the last-mentioned case are said to be within a few hundred feet of the lands involved in the present proceeding.

We have examined the record in the instant case with care and are of the opinion that the relator has not sustained the burden of making it appear that the provisions of the ordinance in question, or the exercise of the power in question, was unreasonable. In other words, it does not appear to us "from the ordinance, plus the admitted facts of the case" (to use the language of the Hench case), that the provision of the ordinance was not reasonably required for the protection of the health, safety or general welfare of the public.

The writ will be denied.