ANNA A. ALBRIGHT AND FRED AUG, Jr., EXECUTORS OF THE ESTATE OF OTELIO AUG, DECEASED, PROSECUTORS, v. J. CORY JOHNSON, TOWN CLERK AND SECRETARY OF THE BOARD OF ADJUSTMENT OF THE TOWN OF BLOOMFIELD, ET AL., RESPONDENTS.

Submitted October 1, 1946—Decided December 27, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutors, *Thomas A. Markey.*

For the respondents, *Edward C. Pettit (John A. Errico,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This is a zoning case.   *R. S.* 40:55–30, *et seq.*   Broadly stated, the basic question for decision is whether the denial of prosecutors' application for a variance constitutes, in the circumstances exhibited, an unnecessary invasion

of their fundamental right to the legitimate use of their property.

Prosecutors are the owners of premises, consisting of about two and one-half acres, more commonly known as No. 20 West Passaic Avenue, in the Town of Bloomfield, New Jersey (hereafter referred to as Town). The premises are about 100 feet east of Broad Street, a main connecting highway. The area fronting West Passaic Avenue, another main connecting thoroughfare, is vacant land. There are presently erected on prosecutors' lands a farm house, a barn, outbuildings, a two-car garage and a green house. The premises have been owned by prosecutors' ancestors since 1909 and have been owned and administered by prosecutors since 1941.

The surrounding property is used for commercial purposes. To the north of prosecutors' property is vacant land; to the east, and within a distance of 150 feet, are stores and a small garage and gasoline pumps facing Broad Street; to the south and directly across the property, is a gasoline station; and to the west there are more stores.

On November 17th, 1930, the Town adopted a zoning ordinance. By this ordinance the entire frontage of the premises (West Passaic Avenue) for a depth of 150 feet was placed in what is characterized, under section 9 of the ordinance, as "Medium Volume Business Zones." In such zones, so far as is here pertinent, the ordinance permits the use of the land or buildings erected thereon as a "public garage" and as an "automobile sales room" but prohibits the use of the premises as a "filling station." Thereafter, the Town, on September 15th, 1941, amended the ordinance of 1930. By this amendment the right to use the land and buildings thereon were limited to an "automobile sales room" and to a "parking lot for automobiles." The prohibition against the use of a "filling station" was continued.

Prosecutors from the time they became the owners of the premises in 1941 tried to sell same; they listed it with about forty real estate brokers. But we are told that it was not until recently that they received an offer of purchase. This offer was conditioned upon the purchaser being able to use

the premises as "an automobile show room, service station and sale of gasoline from outside pumps."

Accordingly, prosecutors made application to the building inspector of the Town for a permit to erect a building to be used in accordance with the stated conditions imposed by the prospective purchaser. The application was denied. Prosecutors appealed to the Board of Adjustment. By this appeal they sought a variance of section 9 of the zoning ordinance to the end of "* * * extending and continuing the existing nonconforming use of the property in accordance with the plans filed * * *" for the proposed building. Otherwise stated, they invoked the provisions of *R. S.* 40:55–48 (continuation of a non-conforming use) and additionally, at the hearing, apparently invoked the provisions of *R. S.* 40:55–39c (unnecessary hardship). The Board of Adjustment denied the application and made the following findings in its resolution of December 14th, 1945:

"* * * the proposed use will create an undue traffic hazard to any school children required to pass the driveway to the service station; that it has not been proved that the premises are not suited or adaptable to the uses for which the property is zoned; that retail stores are located on the premises on both sides of the site in question; that no special conditions exist that will warrant the making of the exception applied for; that to enforce the strict letter of the ordinance will not work an unnecessary hardship; * * *."

Prosecutors were allowed a writ of *certiorari* to review the action of the Board of Adjustment as evidence by its resolution, *together with all things touching and concerning the same.* We italicize the concluding words because attack is made upon the ordinance as amended although it is not specifically brought up for review by the writ. By stipulation the pertinent parts of the original and amended ordinance are made part of the record submitted. *Cf. Payne* v. *Sea Bright,* 14 *N. J. Mis. R.* 756, 758; 187 *Atl. Rep.* 627.

Prosecutors set down and argue two points.

1. Prosecutors argue that in light of the character of the district in which the premises are located, and its asserted

peculiar suitability for the particular uses sought to be made of them, the application of the ordinance to their property is unreasonable and arbitrary. We do not share that view. Whatever parallel prosecutors draw in the like accessories to the services afforded by livery stables to horse drawn transportation and to the services afforded by a garage and gasoline filling stations to modern motor transportation, is beside the point. And here the question is not what use prosecutors made of the premises prior to and subsequent to the passage of the ordinance. Such use is inviolate. *R. S.* 40:55–48 (continuation of non-conforming use). The dispositive question is whether limitations imposed by the ordinance bear a substantial relation to the powers conferred by the statute. *R. S.* 40:55–30; *R. S.* 40:55–32. The presumption is that the power has been exercised reasonably. The burden of showing that it was exercised unreasonably is upon the prosecutors who here seek to make use of their property in a manner forbidden by the zoning ordinance. *Phillips* v. *Borough Council, &c., Teaneck,* 120 *N. J. L.* 45; 198 *Atl. Rep.* 368; *affirmed,* 122 *N. J. L.* 485; 5 *Atl. Rep.* (2*d*) 698; *Grant* v. *Board of Adjustment of Haddon Heights,* 133 *N. J. L.* 518; 45 *Atl. Rep.* (2*d*) 184. Prosecutors have not carried their burden.

The effect of a gasoline station (*Verniero* v. *Board of Commissioners of the City of Passaic,* 134 *N. J. L.* 71; 45 *Atl. Rep.* (2*d*) 890; *Dickinson* v. *City of Plainfield,* 122 *N. J. L.* 63; 4 *Atl. Rep.* (2*d*) 91), or a service station (*Citizens National Bank* v. *Englewood,* 128 *N. J. L.* 147; 24 *Atl. Rep.* (2*d*) 819), is indeed a proper subject for the exercise of the power conferred by the statute. The aim to lessen hazards, as here, to traffic generally and to school children especially, clearly bear a reasonable relation to the promotion of public health, safety, morals and general welfare. Bearing in mind these hazards, the location of the property, the surrounding property and all other proofs, we hold that the restrictions imposed are not in excess of the proper exercise of the powers conferred by *R. S.* 40:55–30 and *R. S.* 40:55–32.

2. Prosecutors further argue that the denial of their application for a variance by the Board of Adjustment was unreasonable, contrary to the weight of the evidence and, therefore, constituted an abuse of discretion.

Admittedly, the premises in question and their proposed use do not abut a district in which such a building and proposed use are authorized by the zoning ordinance. Nor are they within 150 feet of such a district. *R. S.* 40:55–39c. Thus, as pointed out by this court in *National Lumber Products Co.* v. *Ponzio,* 133 *N. J. L.* 95, 98, 99; 42 *Atl. Rep.* (*2d*) 731, when the jurisdiction of the Board of Adjustment is invoked for a variance, that body exercises a *quasi*-judicial function which is in essence discretionary, controlled by the policy of the statute and the ordinance consistent therewith. The essential inquiry on an application for a variance is whether, on the proofs adduced, the denial thereof constitutes an invasion of the fundamental right of property. The result of the power so exercised carries with it the presumption of fairness and correctness. Unless prosecutors show that the denial of their application for a variance was clearly against the weight of the evidence, or that the denial was grounded in abuse of discretion, or was arbitrary or capricious, then the denial should stand. The proofs on the stated issues were in dispute. True, the barn on the premises had been used since 1930 as a livery stable (riding academy); true the garage on the premises was used as an automobile repair shop from 1938 to 1943, and it is, of course, true that prosecutors' right to continue such uses may not be thwarted. But that is not what the prosecutors sought. By their application they concededly sought an extension, an enlargement, of the existing non-conforming uses of their property in accordance with the plans filed for the erection of the building to accommodate the uses contemplated by the prospective purchaser. The cost of erecting the building alone is estimated at $7,000. The proposed use of the premises as a filling station with outside gasoline pumps is not embraced in the existing non-conforming use of the premises both prior to and subsequent to the passage of the ordinance. It is some other kind of use.

*National Lumber Products Co.* v. *Ponzio, supra* (at *p.* 97). What is the unnecessary hardship? Perhaps it is the prosecutors' difficulty in obtaining a purchaser of the property. The fact that the non-conforming use sought would be more profitable to prosecutors is not *per se* sufficient reason for the granting of a variance. The statute (*R. S.* 40:55–32) aims to conserve and not enhance the value of property. *Cf. Brandon* v. *Montclair,* 124 *N. J. L.* 135, 149, 150; 11 *Atl. Rep.* (*2d*) 304; *affirmed,* 125 *N. J. L.* 367; 15 *Atl. Rep.* (*2d*) 598; *National Lumber Products Co.* v. *Ponzio, supra* (at *p.* 99). Prosecutors and their purchaser, of course, knew that the proposed uses were prohibited under the ordinance.

The proofs support the findings made by the Board of Adjustment. In such circumstances, it is not the function of this court to substitute its judgment for that of the Board of Adjustment. *National Lumber Products Co.* v. *Ponzio, supra* (at *p.* 100).

The writ is dismissed, with costs.