143 So.2d 58 (1962)
FOOD FAIR STORES, INC., Etc., et al., Appellants,
v.
ZONING BOARD OF APPEALS OF the CITY OF POMPANO BEACH, Florida, Appellee.
No. 2871.
District Court of Appeal of Florida. Second District.
June 27, 1962.
Alfred Aronovitz, of Aronovitz, Aronovitz & Haverfield, Miami, for appellants.
Bruno DiGiulian, Pompano Beach, for appellee.
ALLEN, Acting Chief Judge.
Appellants, petitioners below, are appealing from a final judgment quashing their petition for writ of certiorari to review a decision of appellee-respondent, Zoning Board of Appeals.
Section 50.189(I) (1) of Ordinance 664 of the City of Pompano Beach provides inter alia:
"I. PRINCIPAL USES.
"(1) Filling stations for automotive vehicular service subject to the following provisions:
"(1) No filling station for automotive type service shall hereafter be constructed within seven hundred and fifty feet on a direct line measured along a street from the nearest corner of any lot, piece or parcel of land, abutting the same street, used for such purposes. * * *"
Pursuant to the provision in the Ordinance set forth above, the Chief Building Inspector of Pompano Beach refused appellants a building permit to erect a gasoline filling station. Appellants appealed to the Zoning Board of Appeals seeking a variance based on hardship which was denied.
*59 Certiorari, attacking the constitutionality of the Ordinance, was taken to the Circuit Court and the decision of the zoning board was upheld. The Circuit Judge, in his well-reasoned opinion quashing the writ, said:
"This cause was duly presented by certiorari from the Zoning Board of Appeals of the City of Pompano Beach, Florida. Extensive testimony was taken before this Court under authority of the cases of State v. Furen, Fla., 118 So.2d 6; Josephson v. Autrey, Fla., 96 So.2d 784; and Union Trust Company v. Lucas, Fla. [App.], 125 So.2d 582. This testimony, all pleadings and exhibits, and the advice of counsel have been considered.
"Petitioners wish to erect a gasoline service station upon certain property leased by them in Pompano Beach, Florida. Their wishes were frustrated by Ordinance No. 664, § 50.189(1) of the City of Pompano Beach which provides, inter alia, that no filling station for automotive type service shall hereafter be constructed within 750 feet on a direct line measured along a street from the nearest corner of any lot, piece or parcel of land, abutting the same street, used for such purposes. The proposed station would be located at a street intersection, two corners of which are already occupied by gasoline service stations, and thus the proposal is exactly prohibited by the ordinance.
"The Chief Building Inspector denied Petitioner's request for permission to build whereupon Petitioners appealed to the Zoning Board of Appeals for a variance based on hardship. This appeal was properly denied.
"Petitioners here attack the ordinance upon the sole ground that the ordinance is unconstitutional.
"The criteria to be used by the Court in construing the validity of an ordinance is found in the case of Miami v. Kayfetz, Fla., 92 So.2d 798, where the Supreme Court promulgated these rules:
"`(1) In construing the validity of the ordinance in question we must: (1) assume that a valid ordinance was intended. State ex rel. Ellis v. Tampa Water Works Co., 1908, 56 Fla. 858, 47 So. 358, 19 L.R.A.,N.S., 183; (2) construe the ordinance to be legal, if possible to do so, and strive to so construe it as to give reasonable effect to its provisions, State ex rel. Rand v. Brogden, 1922, 84 Fla. 520, 94 So. 653, Bentley-Gray Dry Goods Co. v. City of Tampa, 1939, 137 Fla. 641, 188 So. 758.
"`(2) Further, the courts should be very cautious in declaring a municipal ordinance unreasonable, there being a peculiar propriety in permitting the inhabitants of a city through its proper officials to determine what rules are necessary for their own local government. State ex rel. Harkow v. McCarthy, 1936, 126 Fla. 433, 171 So. 314, City of Tacoma v. Keisel, 1912, 68 Wash. 685, 124 P. 137, 40 L.R.A.,N.S., 757.
"`(3-5) Where an ordinance is within the power of the municipality to enact it is presumed to be reasonable, unless its unreasonable character appears on its face. State ex rel. Harkow v. McCarthy, supra; State ex rel. McAuley v. York, 1925, 90 Fla. 625, 106 So. 418. And when the authority to enact the ordinance does fairly appear, wide latitude is allowed in its exercise, where it does not appear that there has been, in action taken, an abuse of authority or a violation of organic or fundamental rights. State ex rel. Simpson v. Ackerly, 1915, 69 Fla. 23, 67 So. 232. If reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will must prevail. State ex rel. Skillman v. City of Miami, 1931, 101 Fla. 585, 134 So. 541.'

*60 * * * * * *
"Is the regulation in question reasonable and does it bear correct relation to the health, safety and general welfare of the citizens of Pompano Beach? This Court finds it to be proper using the mentioned criteria and under the authority of the case of State [ex rel. Dallas Inv. Co.] v. Peace, Fla. [139 Fla. 394], 190 So. 607. See also, 35 Fla.Jur., Zoning Laws, § 15.
"The thrust of Petitioner's brief suggesting that the purpose of the ordinance was to limit competition finds no real basis in the record.
"It is, therefore, the opinion of this Court that the ordinance in question is constitutional and that it represents a proper exercise of the zoning and police power of the City of Pompano Beach, Florida."
Extensive testimony was taken in this case which included testimony of a professional traffic engineer, whose summarized testimony was to the effect that it is desirable to separate pedestrian and vehicular traffic; that marginal access points upon streets create greater traffic problems; that there is a traffic problem at the intersection where the gasoline station proposed by appellants was to be located and that the investment of the public in relation to U.S. Highway No. 1, an arterial highway, would thereby be destroyed; and that the indiscriminate construction of drive-in type businesses along arterial streets and on corners has a detrimental effect on vehicular and pedestrial traffic. Also testifying was the Director of Planning for Broward County, who stated that the planners gave special consideration to gasoline stations because of problems peculiar to such businesses, including fire hazards, traffic hazards, pedestrian hazards and related problems; the necessity for complete prohibition of gasoline stations in certain areas; and the concern for certain esthetic considerations. There was also testimony concerning the location of public schools in close proximity to the intersection in question. The appellants strenuously argued that this zoning along distinct lines was done to create a monopoly, etc. in certain situations. The Circuit Judge specifically found against the appellants on this question.
As early as 1929, the Supreme Court of Florida, in Harz v. Paxton, 1929, 97 Fla. 154, 120 So. 3, in an opinion written by then Chief Justice Terrell, said:
"We have examined the record, and it appears that the city of Sanford is fully authorized to zone the city and to regulate by ordinance the issuance of building permits such as are here involved. When the ordinance in question and the action of the city officials pursuant thereto are considered with reference to the rules applicable to the exercise of the police power in the regulation of the erection of filling stations and public garages, the operation of which involves acts which are generally recognized as potential menaces to the public safety and health because of the storage and handling therein of highly inflammable and explosive substances, it does not appear that in denying the permit here sought the respondent city officials have acted arbitrarily or unreasonably. See State ex rel. Lane v. Fleming, 129 Wash. 646, 225 P. 647, 34 A.L.R. 500; A.G. Construction Co. v. Scott, 136 A. 207, 5 N.J. Misc. 251; Cayce v. Hopkinsville, 217 Ky. 135, 289 S.W. 223; People of State of New York ex rel. Lieberman v. Van De Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305; State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159. A different rule, however, might apply when buildings or businesses of innoxious character are involved. See State of Washington ex rel. Seattle Title Trust Co. v. Roberge, [278 U.S. 116] 49 S.Ct. 50, 73 L.Ed.  [210]; Dillon, Munic. Corp. (5th Ed.) § 598."
In State ex rel. Dallas Inv. Co. v. Peace, 1939, 139 Fla. 394, 190 So. 607, the Supreme *61 Court again had before it an ordinance in which the regulations of gasoline and oil filling stations was involved. The particular ordinance quoted in the opinion is as follows:
"`No gasoline and oil filling station and no service station shall be erected or located within 350 yards of any church, hospital, school or other such institution, where large numbers of pedestrians congregate, or within 750 feet of the location of another gasoline and oil filling station or service station.'"
Mr. Justice Terrell again wrote the opinion of the court, in which he said:
"The question of the City's power to enact the ordinance being disposed of in the affirmative, the question of whether or not that power was exercised in an arbitrary and unreasonable manner becomes very narrow, besides being a delicate one for the Courts to treat. Standards of business, social and professional conduct have their variations peculiar to every community. These standards such ordinances as that brought in question are designed to regulate and the manner of their regulation is distinctly a legislative function. If the ordinance is enacted in the interest of the public and is designed to correct an evil or evils that are or may affect the public welfare, it should be upheld. The manner in which these purposes are accomplished is one in which legislative discretion has a very broad range and courts should not attempt to substitute their judgment for that of the legislature, City Commission, or other legislative body created for that purpose.
"Measured by this standard, we cannot say that the ordinance is amenable to the assault made on it. Certainly it does not transgress the range of legislative discretion. * * *"
The court will take judicial notice of the tremendous increase in automobile traffic and the increasing problems confronting municipal authorities at the present time, as well as those prevalent at the time of the two opinions above set forth.
In a recent opinion by the Superior Court of New Jersey, Socony Mobil Oil Company v. Township of Ocean, 1959, 56 N.J. Super. 310, 153 A.2d 67, affirmed 59 N.J. Super. 4, 157 A.2d 2, the court commented:
"Municipalities have the power to regulate the location of gasoline stations within their boundaries, and even to prohibit them in certain zones where the facts warrant it. Schmidt v. Board of Adjustment of City of Newark [9 N.J. 405, 88 A.2d 607], supra; L.P. Marron & Co. v. River Vale Tp., 54 N.J. Super. 64, 148 A.2d 205 (App.Div. 1959). Distinctions may not be made between uses where there is no reasonable basis or ground for any difference in treatment as that would constitute a violation of our constitutionally guaranteed equal protection and due process of law. Washington National Ins. Co. v. Board of Review, 1 N.J. 545, 64 A.2d 443 (1949); 8 McQuillin, Municipal Corporations (3d ed. rev. 1957), § 25.123. However, a distinction will be presumed to be reasonable if there be any conceivable state of facts which support such action. The classification of gasoline service or filling stations for `special regulation of such uses' has been sustained, as they are sui generis in that they are necessary to our present-day life, yet involve risks to the safety of persons and property. Schmidt v. Board of Adjustment of City of Newark, supra, 9 N.J. at page 422, 88 A.2d at page 615. Courts have taken judicial notice of the fact that the business of storing and handling gasoline at filling stations within a built-up area is attended with a peculiar degree of danger to life and property, due to its *62 propensities and that the noxious odors, noise and traffic hazards emanating from the conduct of such a business, makes the regulation of its location necessary and reasonable. Gore v. City of Carlinville, 9 Ill.2d 296, 137 N.E.2d 368 (Sup.Ct. 1956); Hoffman v. Mayor and City Council of Baltimore, 187 Md. 593, 51 A.2d 269 (Ct.App. 1947); Albright v. Johnson, 135 N.J.L. 70, 50 A.2d 399 (Sup.Ct. 1946)."
See also City of San Antonio et al. v. Humble Oil & Refining Co., 1930, Tex. Civ.App., 27 S.W.2d 868; Mayor and City Council of Baltimore v. Biermann, 1947, 187 Md. 514, 50 A.2d 804; and Adler v. City of Baltimore, 1959, 220 Md. 623, 155 A.2d 504.
We find nothing unreasonable in the ordinance hereinabove discussed, and therefore, affirm the lower court.
Affirmed.
SMITH and WHITE, JJ., concur.