**CITY OF MIAMI, Appellant,**

v.

**David M. WOOLIN and Annie Woolin, his wife, Appellees.**

**No. 24350.**

United States Court of Appeals Fifth Circuit.

Jan. 19, 1968.

Rehearing Denied April 2, 1968.

Edward J. Fitzpatrick, Miami, Fla., for appellant.

---

Kenneth M. Myers, Eugene C. Heiman, Miami, Fla., for appellees.

Before BROWN, Chief Judge, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Appellees brought this suit in the District Court for an injunction against the enforcement of Comprehensive Zoning Ordinance Number 6871 of the City of Miami, alleging that portions of it were constitutionally invalid in their entirety and as applied to property of the appellees.

The Florida State Courts had previously sustained the constitutionality of the Ordinance, City of Miami v. Walker, 169 So.2d 842 (Fla.App., 1964).

After this suit was begun, Section 25 of Ordinance 6871 was repealed and Ordinance Number 7421 was enacted. The essential differences were that Number 7421 eliminated language which plaintiffs had attacked as being void for vagueness but a more important change limited gasoline filling station distance restrictions to property zoned C–2 and C–4. Property in seven other zones were exempted from this requirement. The City refused to allow the construction of a gasoline filling station on appellees' property in zone C–2. The District Court permanently enjoined the City from enforcing the ordinance as to appellees' property. We affirm.

■ We recognize, of course, that zoning ordinances are matters within the peculiar knowledge, competency, and jurisdiction of local authorities. Consequently, federal courts do not rush to interfere in such matters unless jurisdiction and the duty to decide plainly exist. Looking first to the jurisdictional issue, we find after careful consideration that both requirements of 28 U.S.C.A. § 1331, the presence of a federal question and $10,000 in controversy, are clearly met. The complaint raised federal issues as to equal protection of the law and deprivation of property without due process of law. Also, the uncontradicted evidence in this record shows that appellees' property would be worth $130,000 if it were usable for a filling station. Otherwise, it is worth only $67,500. Thus, under the decision in Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939), appellees have undoubtedly more than proved that the jurisdictional amount is in controversy.

■ The facts may be briefly stated. Plaintiff bought the property in question in 1947, and at that time could have built a filling station on the property but failed to do so. City ordinances which were passed in 1937, and amended after this suit was filed, prohibited the erection of filling stations within 350 yards of a church, hospital, or school, and within 750 feet of another filling station. Originally, as above indicated, the ordinance applied to all zones within the city, but the recent amendment now makes the distance requirements applicable only to two zones. Plaintiffs' property is still within one of these zones. The Court found that although filling stations were prohibited within the specified distance of churches, hospitals, or schools, no ordinance prohibits these structures from being built within 350 yards of a filling station. The city planning department recognized this as an indefensible contradiction. The Court also found that the distance requirements produced no greater safety than if the stations were closer together. There is also a noted lack of conformity within the city in the location of filling stations. For example, of the 456 stations in the city, 448 were within the prohibited distance of each other; 132 were within the prohibited distance of a church, hospital, or school, and in many situations, both at intersections and along highways, stations were clustered together. Much of this situation was brought about through variances granted by the city. Thus the District Court concluded that the ordinance has no real relation to the public

health, safety, or welfare of the community.

Appellees' most telling argument on the merits of the case are that the city is unable to show any justification for its ordinance in light of the fact that the distance requirements apply in only two zones within the city and there is no reasonable basis to conclude that safety is promoted through these requirements. These conclusions form the basis of appellees' equal protection and due process argument. Other facts have a telling effect on the reasonableness of the ordinance. As already pointed out, although no filling station may be built within 350 yards of a church, hospital, or school, there is no equivalent ordinance prohibiting construction of a church, hospital, or school within 350 yards of stations. Also, the city has granted 75 to 100 variances within the past several years and has granted at least three since the filing of this suit. An overall survey shows that of the 456 stations 448 were within the prohibited distance of each other and 132 were within the prohibited distance of a church, hospital, or school.

After finding the foregoing facts, the District Court held that the city had offered no evidence to show any rationality for the distance requirement to be applied to the plaintiffs' property. Accordingly, the City of Miami was permanently enjoined from enforcing distance restrictions against plaintiffs' property or preventing them from constructing a gasoline filling station on the property due to such distance restrictions. The Court cited Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); City of Evansville, Ind. v. Gaseteria, 7 Cir., 1931, 51 F.2d 232; and City of Vincennes v. Marland Refining Co., 7 Cir., 1929, 33 F.2d 427.

We think the disposition of this appeal is clearly controlled by what this Court said in Mayhue v. City of Plantation, Florida, 375 F.2d 447, in which an ordinance was held to violate the Fourteenth Amendment.

Affirmed.