**CENTRAL BANK AND TRUST COMPANY as Trustee Under Land Trust No. 65-LT-5-475, and not individually, Appellant,**

v.

**CITY OF MIAMI BEACH, FLORIDA, Appellee.**

No. 25053.

United States Court of Appeals
Fifth Circuit.

April 4, 1968.

Herbert L. Nadeau, Sidney J. Berger, Shutts & Bowen, Miami, Fla., for appellant.

Joseph A. Wanick, City Atty., by Ira M. Elegant, Asst. City Atty., Miami Beach, Fla., for appellee.

Before BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

Property owners attacking the validity of zoning laws have a high wall to surmount. Forty years ago, in the landmark case of Village of Euclid, Ohio v. Ambler Realty Co., 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, the Supreme Court established a test that severely limits the power of federal courts to declare zoning statutes and ordinances unconstitutional:

"If the validity of the legislative classification for zoning purposes be *fairly debatable*, the legislative judgment must be allowed to control. (Emphasis added).

Here, the plaintiff, as trustee, sought a building permit to construct an apartment building in Miami Beach, Florida. The plan did not comply with Section 16-B of the City's Zoning Ordinance requiring three off-street parking places for each two dwelling units. The City therefore denied the permit. The trustee sued in the district court for a declaratory judgment that the off-street parking requirement constituted a taking of property without due process, in violation of the United States and Florida constitutions. The court below granted a summary judgment in favor of the city on the ground that the requirement of off-street parking was not a "taking" of the plaintiff's land under the right of eminent domain; it was the exercise of the police power not entailing the obligation of just compensation.

As the trial judge, Judge C. Clyde Atkins, pointed out, in *Euclid* the Supreme Court sustained as a valid exercise of the police power a comprehensive zoning ordinance which prescribed, among other things, the height of building to be erected and the extent of the area to be left open for light and air in aid of fire protection. Similarly, in Gorieb v. Fox, 1927, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228, the Supreme Court upheld set-back provisions of a city ordinance because the Court was unable to say that the "ordinance" was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare". Off-street parking regulations are intimately associated with zoning and are usually found in city comprehensive zoning codes. Considering the great number of automobiles moving in traffic, the fact that Miami Beach is a fully developed tourist city, and the relationship of congested traffic to the health, safety, and welfare of the people of Miami Beach—it is not even "fairly debatable" here that the off-street

parking regulation was a reasonable exercise of the city's police power.

The federal issue was insubstantial—if not frivolous. This Court therefore will not pass on state issues dragged in through the back door by the doctrine of pendent jurisdiction. See Wright, Federal Courts § 19 (1963) and Barron & Holtzoff, Federal Practice and Procedure § 23 (Wright ed. 1960). However, in order not to foreclose the trustee's rights, if any, to assert the contentions based on state law, the judgment below is vacated; the case is remanded with instructions to dismiss the case, without prejudice as to state issues, the court to enter judgment for the defendant insofar as the validity of Section 16-B under the United States Constitution is concerned.