McCAIN, Judge.
Defendant, City of Boca Raton, appeals a final judgment holding its filling station spacing ordinance invalid as applied to certain property owned by plaintiffs.
City Ordinance No. 339 of the City of Boca Raton requires a minimum distance of seven hundred fifty (750) feet between filling stations. Plaintiff, Tradewind Hills, Inc., owns a parcel of land on U.S. Highway No. 1 in the defendant city and plaintiff, Texaco, Inc., is contract vendee for the property. Plaintiffs desire to utilize the land as a filling station site but their plans are frustrated because the property is located within 750 feet of an existing filling station. After various unsuccessful attempts to gain administrative relief from the requirement, plaintiffs filed this suit, seeking to have ordinance No. 339 declared invalid either in its entirety or as applied to plaintiff’s property.
The trial court found no substantial need for ordinance No. 339 in the interests of public health, morals, safety and welfare, *461 and accordingly declared the ordinance invalid as applied. We reverse.
A zoning authority’s determination that the public welfare dictates a given classification in furtherance of an overall zoning plan will be upheld if it appears that such classification is fairly debatable. Village of Euclid, Ohio v. Ambler Realty Co., 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; City of Miami Beach v. Lachman, Fla.1953, 71 So.2d 148. In this instance we are faced with a municipal legislative judgment that filling stations have certain characteristics sufficiently inimical to the public welfare to warrant their being classified as businesses which should be separated by a minimum distance. This is the decision that must be upheld if fairly debatable, provided, of course, that no constitutional barriers are transcended. City of Miami Beach v. Lachman, supra. In attacking the ordinance the plaintiffs naturally incur the burden of proving that the decision is not fairly debatable. City of St. Petersburg v. Aikin, Fla.1968, 217 So.2d 315, filed 30 October 1968.
While it is true that many of the dangers of fire, explosion and traffic congestion once relied upon as justification for gas station spacing requirements have lessened, we are nevertheless of the opinion that the need for such an ordinance is still fairly debatable. This opinion finds strong support in the case law of our state. State ex rel. Dallas Investment Co. v. Peace, 1939, 139 Fla. 394, 190 So. 607; Ross v. City of Miami, Fla.App.1968, 205 So.2d 545; Food Fair Stores, Inc. v. Zoning Board of Appeals of City of Pompano Beach, Fla.App.1962, 143 So.2d 58. We note parenthetically that the record itself reflects considerable conflicting testimony on the need for ordinance No. 339. It would seem that the heated debate and extensive litigation spawned by filling station spacing ordinances indicate that this is precisely the type of situation in which courts must not substitute their judgment for that of the local zoning authorities. Clearly, Boca Raton’s classification of filling stations was established by the evidence as being fairly debatable. Burritt v. Harris, Fla.1965, 172 So.2d 820.
Having determined that ordinance No. 339 is a valid zoning regulation we pass now to the question of whether or not it becomes invalid in its application to plaintiffs’ property. At this point it should be noted that the situation in the instant case requires a different treatment than most zoning cases. In the usual case what must be reviewed is the placing of a particular piece of property in a given classification carrying certain restrictions. The question for judicial consideration then becomes whether the restrictions placed on that specific parcel of land bear a substantial relation to public welfare. If the classification is not fairly debatable we say that the ordinance is invalid as applied.
But in the case sub judice all property is placed under the same restrictions. There is no classification of plaintiffs’ land that can be reviewed apart from any other land in the City of Boca Raton. The classification here is based on the type of use and applies equally to all land. Thus once it is conceded that defendant’s decision to place a spacing restriction on gas stations is supportable the location of plaintiffs’ property is immaterial. This, of course, does not mean that if in operation the ordinance so restricts plaintiffs’ property that it cannot be used for any reasonable purpose that plaintiffs may not complain. In such an event the ordinance as applied becomes confiscatory and amounts to a taking without due process. 1 Yokley, Zoning Law & Practice, § 2-12. The record reveals that such is not the case here nor is it claimed to be.
In summary then we hold that defendant’s classification of filling stations as enterprises needing special spacing restrictions is fairly debatable and therefore valid, and absent any showing that plain *462 tiffs’ property is useless for any purpose other than a filling station site, that the ordinance as applied does not deprive plaintiffs of their property without due process. Accordingly, the judgment is reversed and remanded for entry of a judgment consistent with the views expressed in this opinion.
.WALDEN, C. J., and OWEN, J., concur.