**R. W. SAAR and Althea Saar, his wife, Plaintiffs,**

v.

**TOWN OF DAVIE, a municipal corporation of the State of Florida, Defendant.**

**No. 68–684–Civ.**

United States District Court
S. D. Florida,
Miami Division.

Nov. 21, 1969.

Joel Miller, Fort Lauderdale, Fla., for plaintiffs.

Paul Manning, Hollywood, Fla., for defendant.

## MEMORANDUM OPINION

ATKINS, District Judge.

The balancing of private property rights with the public interest is always a difficult task. In this non-jury case the plaintiff is Shell Oil Company, purchaser of a parcel of land from Mr. and Mrs. R. W. Saar, the original plaintiffs. The defendant is the Town of Davie, a small rural municipality in Broward County. Shell seeks to have a portion of the Town's zoning law declared unconstitutional as the law prevents

Shell from constructing a gasoline service station on the Saar land. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is a federal question, the alleged unconstitutionality of the zoning law, and the requisite jurisdictional amount is provided by the difference in the value of the property if a service station can be built on it.

The Saars acquired title to the property in 1948. In 1961 when the defendant Town was incorporated it was zoned B-2, a classification which permits service stations. In 1964 the Town enacted Article XXVIII, Sections 20-240.1(1) and (2) of its comprehensive zoning code. These prohibit the construction of a service station within 750 feet of another service station and within 250 feet of playgrounds, churches, elementary schools or hospitals. Shell alleges that these zoning provisions deprive it of equal protection and due process as guaranteed to it by the 14th Amendment to the U. S. Constitution.

■■ For the reasons set forth below I reluctantly find Shell's position to be correct. In examining municipal zoning ordinances the Court must determine if they are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228 (1927); Central Bank and Trust Company v. City of Miami Beach, 392 F.2d 549 (5th Cir. 1968). There are two aspects of the Davie law which dictate determination that it is arbitrary and unreasonable. First, there is no ordinance prohibiting the construction of churches, playgrounds, elementary schools or hospitals within 250 feet of gas stations, although the adverse is true. As the Fifth Circuit acknowledged in City of Miami v. Woolin, 387 F.2d 893 (1968) this is an indefensible contradiction. Second, there have been two variances granted since the inception of the

ordinance.[1] There is no evidence that the granting of these variances was based on any extraordinary situation. It is difficult to understand how these variances could have been granted if the aforementioned "public health, safety, morals, or general welfare" were endangered by the departure from the distance requirements. In this regard I find the relation of these zoning provisions to public health, safety, morals or general welfare to be tenuous.

The evidence reflects that the primary purpose of the zoning provisions is the preservation of the rustic "small town" characteristics of Davie by restricting traffic and preventing the promulgation of abandoned service stations. Fire safety was not advanced as a basis for the provisions and in fact there was testimony from the State Deputy Fire Marshal and the Davie Building Inspector that construction of stations side by side was safe. The traffic generated by a service station is certainly no greater than that generated by a large food market or a shopping center and Davie imposes no distance limitations on these properties. The distance requirement is unjustifiable as is the attempted limitation of stations to prevent the creation of abandoned stations. Plaintiff points out that if this principle were applied equally Davie could limit the number of any commercial establishment. This is not a valid basis for zoning law.

It is therefore ordered and adjudged that the Town of Davie is permanently enjoined from enforcing a distance restriction against plaintiff's property now owned by Shell Oil Company or preventing the construction of a gasoline service station on the property due to distance restrictions.

This memorandum opinion serves, to the extent necessary, in lieu of findings of fact and conclusions of law.

Plaintiff shall submit a form of judgment within five days.

---

1. One variance was not utilized for that purpose as a bank was built on the land. The other variance has not been used but it is anticipated that construction of the station will begin soon.