**TOOTHAKER, et al v. CITY OF FORT LAUDERDALE**
No. 17-10284.
Circuit Court, Broward County.
October 2, 1972.

44

Berryhill, Avery, Schwenke & Williams, Fort Lauderdale, for the plaintiffs.

Dean Andrews and Ronald B. Sladon, both of Fort Lauderdale, for the defendant.

LAMAR WARREN, Circuit Judge.

This is an action to declare part of a zoning ordinance invalid or to hold the actions of the board of adjustment denying a variance void, arbitrary and unreasonable.

Plaintiffs' property is across a four lane street from a church, the west line of the former being approximately opposite the east line of the latter. The church building itself is located some distance to the west of the east property line; the principal entrance to the church property appears to be on a side street. See plaintiffs' exhibit 3.

Plaintiffs' property is zoned in a classification which allows the construction of a service station. It was necessary, however, to obtain a variance from a section of the city code, which provides for a minimum distance of 300 feet between the nearest property line of the lot upon which a proposed service station is to be constructed and the nearest line of a plot of land upon which there is a church, public playground, et cetera. It is conceded that a church may elect to build within the 300 foot limitation.

The subject property has a building on it in which there are three separate businesses. When the street was widened the parking was reduced, there now being five parking spaces; there has been a constant problem with parking. At least one of the tenants is using an adjacent lot for parking, not owned by plaintiffs. There is inadequate parking for the kind of tenants that require parking, and one tenant left because of the lack of parking. There is no room on plaintiffs' land for expansion. There was one vacancy for two months nevertheless a tenant was eventually obtained that did not require parking.

There was evidence also of variances because of the proximity of churches having been granted in other locations in the city, one being for a filling station across the same street involved herein. There was little evidence, if any, on the need for the distance provision in the ordinance.

The ordinance in this instance is clearly for the benefit of the church. The church however has no objection to the granting of the requested variance.

The minutes of the board of adjustment, received in evidence, appear to reflect that the application for variance was denied initially because of the objection of the church and two of the tenants; on rehearing two months later the church had withdrawn its objection, and only one tenant and one property owner objected. Although it seemed to be agreed that only a variance because of the church was the determination before the board, the appeal was denied.

In Saar v. Town of Davie, 308 F. Supp. 207 (1969), Shell Oil Company sought to build a gasoline service station on land it had purchased from the Saars. It was met with provisions of the defendant town which prohibited such construction within 750 feet of another service station and within 250 feet of playgrounds, churches, elementary schools or hospitals. Shell alleged it was deprived of equal protection and due process. The district judge stated —

"For the reasons set forth below I reluctantly find Shell's position to be correct. In examining municipal zoning ordinances the court must determine if they are 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.' Gorieb v. Fox, 274 U. S. 603, 47 S.Ct. 675, 71 L.Ed. 1228 (1927); Central Bank and Trust Company v. City of Miami Beach, 392 F.2d 549 (5th Cir. 1968). There are two aspects of the Davie law which dictate determination that it is arbitrary and unreasonable. First, there is no ordinance prohibiting the construction of churches, playgrounds, elementary schools or hospitals within 250 feet of gas stations, although the adverse is true. As the Fifth Circuit acknowledged in City of Miami v. Woolin, 387 F.2d 893 (1968), this is an indefensible contradiction. Second, there have been two variances granted since the inception of the ordinance. There is no evidence that the granting of these variances was based on any extraordinary situation. It is difficult to understand how these variances could have been granted if the aforementioned 'public health, safety, morals, or general welfare' were endangered by the departure from the distance requirements. In this regard I find the relation of

these zoning provisions to public health, safety, morals or general welfare to be tenuous."

The court finds the decision of City of Boca Raton v. Tradewind Hills, Inc., Fla., 216 So.2d 460, distinguishable upon the facts.

A judgment will be entered for the plaintiffs which they are requested to submit, with copy to the defendant.