**ARVIDA CORPORATION, a Delaware corporation, Plaintiff,**

v.

**CITY OF BOCA RATON, Defendant.**

**No. 72-2006-Civ-CF.**

United States District Court, S. D. Florida.

April 17, 1973.

Aubrey V. Kendall, of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for plaintiff.

Ray H. Pearson, of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Fla., for defendant.

William J. Flynn, Fort Lauderdale, Fla., pro se.

## ORDER

FULTON, Chief Judge.

This cause was considered upon the motion to intervene as of right pursuant to Rule 24(a), Fed.R.Civ.P., filed by William J. Flynn. This is an action for declaratory and injunctive relief brought in accord with 28 U.S.C. § 1331, federal question jurisdiction and amount in controversy. The complaint alleges that plaintiff is the owner of a 1,555 acre tract of undeveloped land located within the corporate limits of the defendant City of Boca Raton. Plaintiff, desiring to develop this tract of land, seeks *inter alia* an injunction against implementation of Section 12.09 of the Boca Raton City Charter and a judgment declaring said City Charter section unconstitutional, both on its face and as applied to plaintiff's property, as violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Section 12.09, ratified by the citizens of Boca Raton on November 7, 1972, and subsequently filed with the Department of State, limits the total number of dwelling units within the city to 40,000 and prohibits the issuance of any building permit which would allow dwelling units within the city to exceed 40,000.

Plaintiff further challenges as unconstitutional as applied to plaintiff's property Ordinances 1744 and 1745, enacted by the Boca Raton City Council on November 15, 1972. Plaintiff alleges that the ordinances zone plaintiff's entire 1,555 acre tract for single-family residential use and that the ordinances were enacted in implementation of City Charter § 12.09. Plaintiff wishes to develop

this 1,555 acre tract, and it is alleged that, if such development were not prohibited by § 12.09 of the Charter and the ordinances, its value would exceed its present value by substantially more than $10,000. It is urged that the ordinances and charter provision are arbitrary and unreasonable, bearing no reasonable relationship to the health, safety and general welfare of the citizens of Boca Raton.

In its answer, defendant denies that plaintiff's entire tract of land is zoned single-family residential and maintains that City Ordinance 1679, enacted on June 27, 1972, allows multi-family units subject to an over-all density of four and one-half units per acre. Defendant contends that plaintiff's attack on § 12.-09 of the City Charter is premature since the Charter provision does not deprive anyone of the use of specific property; it does not rezone or zone specific property, and it is totally unrelated to Ordinances 1744 and 1745. Furthermore, defendant maintains that § 12.09 is a valid, constitutional enactment expressing the will of the citizens of Boca Raton to control the population density of their city, and, as such, the enactment of the provision is a right and power reserved to the citizens of Boca Raton under the Ninth and Tenth Amendments to the Constitution and Article 2 of the Declaration of Rights of the Florida Constitution, F.S.A. Defendant additionally charges that plaintiff's suit is premature since plaintiff has presented no specific development plan for the property. In its answer, defendant requests this Court to abstain from exercising its jurisdiction for the reason that zoning is a matter of local concern.

## JURISDICTION

■ This Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is a federal question, the alleged unconstitutionality of the City Charter provision and ordinances, and the requisite jurisdictional amount is alleged by the difference in the value of the property if development of the land is permitted. *See,* Stone v. City of Maitland, 446 F.2d 83 (5th Cir. 1971); City of Miami v. Woolin, 387 F.2d 893 (5th Cir. 1968). The question raised by defendant regarding whether this Court should abstain from exercising its jurisdiction will be discussed after ruling upon the motion to intervene.

## MOTION TO INTERVENE

William J. Flynn, a resident and taxpayer of the defendant City of Boca Raton, has moved the Court for leave to intervene as a matter of right pursuant to Rule 24(a)(2), Fed.R.Civ.P., to assert a defense to this cause consisting of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. Rule 24(a), Intervention of Right, provides in part as follows:

> Upon timely application anyone shall be permitted to intervene in an action:
>
> . . . . . .
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(c) requires that the motion to intervene be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

There is no question as to the timeliness of the application for intervention since the applicant's motion to intervene was filed eleven days after the filing of the complaint in this cause. The claimed interest of the applicant for intervention relating to the property or transaction which is the subject of the action is the "protection and conservation of the land, water, air, esthetic and other environmental resources within the City of Boca Raton" consistent with

the "public policy" of the United States and Florida as embodied in various statutes. Applicant's interest is founded upon his status as a resident and taxpayer of the city. It is alleged that the applicant will suffer real injury if environmental damage occurs within the City of Boca Raton and that his ability to protect his interest in the environment will be impaired or impeded if the plaintiff prevails in this action.

As further grounds for the motion to intervene, the applicant contends that his interest is not adequately represented by the existing parties because "until comparatively recently the Plaintiff had an unusually cozy relationship with officials of the City of Boca Raton." The "cozy relationship" referred to by the applicant is described in an affidavit filed by applicant which states that for several years prior to 1971 the plaintiff gave free club memberships in plaintiff's hotel and club to city officials. In this connection, it is significant to note that the applicant admits that the City of Boca Raton has a new city manager and that in recent years there has been no continuity of membership on the Boca Raton city council or in the office of city manager.

Both plaintiff and defendant oppose intervention by the applicant contending that applicant is not entitled to intervene as of right under Rule 24(a) and further that permissive intervention under Rule 24(b) should be denied since granting intervention would prevent the swift adjudication of the rights of the existing parties. More specifically, plaintiff's memorandum of law in opposition to the motion to intervene sets forth the following alleged deficiencies in the applicant's claimed right to intervene:

1. He has not shown that he possesses any legally-protected interest in the subject matter of the suit that will be injured if he is not permitted to intervene.

2. He has not shown that the representation of his "interest" by Boca Raton is inadequate.

3. His motion to dismiss does not state a legally-sufficient defense to the claims pleaded by Arvida's Complaint.

For the reasons discussed hereafter, this Court agrees that the application for intervention is defective in each of the above respects. Therefore, the motion to intervene as of right must be denied, and permissive intervention will not be allowed.

■ There are three requirements for non-statutory intervention as of right under Rule 24(a): (1) the assertion of a sufficient interest in the subject of the action; (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest; and (3) the interest is not adequately represented by existing parties. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970); see, Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); Atlantis Development Corp., Ltd. v. United States, 379 F.2d 818 (5th Cir. 1967). A forth requisite for intervention is imposed by Rule 24(c) which requires the applicant to state a well-pleaded claim or defense to the action. 3B Moore's Federal Practice ¶ 24.14 at 24–552 (2d ed. 1969). It is the opinion of this Court that the applicant for intervention has failed to meet all four of the above requirements, and therefore the motion to intervene must be denied.

*1. The assertion of a sufficient interest.*

■ The interest required of an applicant for intervention relating to either the property or transaction which is the subject of the action is a "direct, substantial, legally protectable interest in the proceedings." 3B Moore's Federal Practice ¶ 24.09–1 [2] at 24–301,

quoting Judge Wright in Hobson v. Hansen, 44 F.R.D. 18, 24 (D.D.C.1968). Thus, there are two aspects to be considered with regard to the first requirement for intervention: (1) an interest related to the lawsuit, and (2) even if related, the interest must be a direct and substantial interest.

■ The applicant claims an interest in the environment of the city and, more specifically, the protection and conservation of the land, water, air and esthetic resources of the city. The applicant does not allege that he is an adjoining property owner whose land would be adversely affected by the possible outcome of this litigation. Indeed, the applicant asserts that his interest is based upon public policy as embodied in various United States and Florida statutes protecting the environment. Considering the first aspect of this requirement, the relationship between applicant's interest in protecting the environment of the City of Boca Raton and this lawsuit is not clear to this Court. Applicant's allegation that he will suffer injury if environmental damage occurs within the city may· be entirely true; however, applicant has failed to allege the manner in which his interest in protecting the environment will be harmed or even affected by the questions presented in this lawsuit. There are repeated citations in the applicant's motion and memorandum to federal and state public policy favoring conservation of natural resources, but essential allegations demonstrating the relevancy of this public policy to the issues in the cause are totally absent. Thus, lacking any basis for ascertaining the requisite relationship, this Court is compelled to hold that applicant has failed to satisfy the first aspect of the initial requirement for intervention.

■ Assuming that the applicant could demonstrate that his interest in the environment were related to this action, such an interest is not a direct, substantial or legally protectable interest sufficient to satisfy the second aspect of the initial requirement for intervention as of right. Unlike the applicant for intervention in *Atlantis, supra,* the applicant here does not claim an interest in the "very property and the very transaction" which is the subject of the lawsuit. Here, the "interest" is a public interest and is founded upon the applicant's status as a resident and taxpayer. It is the status of the applicant which undermines the substantiality of his interest and which raises the question of standing.

■ The plaintiff contends that the applicant lacks standing to assert the claimed interest in defense of this action. Although the question of standing ordinarily arises where a plaintiff is seeking relief before the Court, an applicant for intervention seeking to interpose a defense to pending litigation must also possess standing to assert that defense. In determining whether an individual has standing in this instance, the Court must focus upon the party seeking intervention to ascertain whether he is a proper party to the adjudication of the issues in the lawsuit. Additionally, the substantive issues must be examined to determine whether there is a "logical nexus" between the status asserted by the applicant and the claim sought to be adjudicated. *See,* Flast v. Cohen, 392 U.S. 83, 102, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). The party must have a personal stake in the outcome of the controversy and concrete adverseness must be shown. Linda R. S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1971); Flast v. Cohen, *supra*; Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); York-Shipley, Inc. v. Atlantic Mutual Insurance Co., 474 F.2d 8 (5th Cir. 1973).

■ In *Sierra Club* the Supreme Court recently considered the standing of a party claiming an injury of a non-economic nature in the context of an environmentalist's challenge to administra-

tive action. Holding that the plaintiff conservationist club lacked standing to seek judicial review of agency action under § 10 of the Administrative Procedure Act, the Court found that the plaintiff failed to allege "injury in fact" to a cognizable, individualized interest. Although the types of injury which may be alleged in support of standing may include injury to aesthetic and conservational interests, the Court emphasized that the party must still allege facts showing that he himself has a direct and substantial stake in the outcome of the litigation which will be adversely affected. *Linda R. S., supra,* makes it clear that the standing principles enunciated in *Sierra Club* are not limited to controversies involving judicial review of agency action. The Court held that:

> ". . . [t]he bare existence of an abstract injury meets only the first half of the standing requirement. 'The party who invokes [judicial] power must be able to show . . . that he has sustained or is immediately in danger of sustaining some *direct* injury *as the result of* [a statute's] enforcement.' " (Brackets and emphasis in original.) *Linda R. S., supra,* 410 U.S. at 618, 93 S.Ct. at 1149, citing Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

 It is apparent that there is no "nexus" between the applicant's status as a taxpayer of the city and the issues in this cause since this is not a suit involving the taxing or spending power of the city. *See,* Flast v. Cohen, *supra,* 392 U.S. at 102, 88 S.Ct 1942. While there may be a logical link between applicant's status as a resident of the city and the validity of the ordinances and charter provision under attack in this lawsuit, the injury which applicant will allegedly suffer if plaintiff prevails in this action is so indirect, remote and furthermore obscure that the second aspect of standing is clearly absent. *See,* Johnson v. Morton, 456 F.2d 68, 73–74 (5th Cir.

1972). It is the opinion of this Court that the applicant for intervention has failed to allege facts demonstrating that he may sustain a direct, individualized injury to a substantial interest of his own sufficient to constitute a personal stake in the outcome of this litigation.

Assuming arguendo that the applicant has standing to intervene and a sufficient interest related to the subject matter of this cause, the applicant fails to meet the remaining requirements for intervention as discussed hereafter.

## 2. The disposition of the action may impede protection of the interest.

 As previously stated, the applicant has failed to give the slightest hint or suggestion with respect to how his interest in the environment will be adversely affected should plaintiff prevail in this action. Careful scrutiny of applicant's motion and memorandum fails to reveal any factual basis for the bare allegation that protection of the city's "land, water, air, esthetic and other environmental resources" will be impeded by the adjudication of the issues in this cause. Without such an explanation, it is impossible for this Court to conclude that protection of applicant's "interest" may be jeopardized by the disposition of the action.

## 3. Inadequate representation of the interest by the existing parties.

Applicant has filed an affidavit in support of his claim that his interest is not adequately represented by the existing parties for the reason that prior to 1971 plaintiff gave free club memberships in plaintiff's club to city officials. The Fifth Circuit held in Martin v. Kalvar Corp., 411 F.2d 552 (5th Cir. 1969), that representation is adequate if the following exist:

1. There is no collusion between the representative and the opposing party;

2. The representative does not have an interest adverse to the applicant; and

3. The representative does not fail in the fulfillment of his duty.

In attacking the adequacy of the defendant's representation, the applicant for intervention does not allege a failure by the defendant in fulfilling its duty to uphold the city charter and ordinances. The applicant relies upon a claim of collusion between plaintiff and defendant and an oblique contention as follows:

> In the present case the city government of Boca Raton is called upon to serve two distinct, nonidentical interests: (1) the interest of each city resident, and (2) the interest of the general public in the preservation of the environment, in accordance with federal and state public policy.

 Further illuminating comments defining these interests and their adverse, competing factors have not been provided to the Court, and in fact this Court cannot discern an adverse relationship between the two. Irrespective of applicant's peculiar theory, the adversity which must be demonstrated is that the representative must have an interest adverse to the applicant. It appears to the Court that the defense of the charter provision and ordinances by the defendant City of Boca Raton goes hand in hand with the end result sought to be achieved by the applicant's claimed "interest" and that there are no conflicting interests between the two.

With regard to the claim of collusion, the affidavit of the applicant falls short of demonstrating any sort of collusion between plaintiff and defendant. Considering the facts set forth in the affidavit to be true, the fact that plaintiff gave free club memberships to city officials prior to 1971 does not raise a presumption of improper conduct and certainly does not constitute collusion, especially since the past activity is in no way connected with the present city management. It is apparent that any claimed interest of the applicant will be fully and adequately represented by the defendant city.

*4. Pleading a meritorious claim or defense; Rule 24(c).*

 As his defense to this lawsuit and in accord with the requirement of Rule 24(c), the applicant has filed a motion to dismiss the complaint for failure to state a claim. The claim or defense asserted pursuant to Rule 24(c) must be meritorious to justify intervention, and the motion to dismiss filed herein clearly is not. The insufficient basis for the "defense" is set forth in the motion to dismiss itself at page 4:

> It is against [federal and state public policy] that the reasonableness of the City Charter provision and the city ordinances, about which the Plaintiff complains, should be measured. The question for the Court to adjudicate is not the *wisdom* of these municipal laws, but whether they are 'arbitrary, unreasonable and capricious . . . .' (Emphasis in original.)

 From the above, it is apparent that the applicant for intervention recognizes that city charter provisions and ordinances *are* subject to challenge in the courts when alleged to be arbitrary and unreasonable. However, the applicant is so consumed with the desire to defend upon the merits the constitutionality of said provisions that he has lost sight of the principles applicable to a motion to dismiss. It is the established law of this Circuit that:

> . . . a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts

which could be proved in support of his claim. Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971).

Based upon this standard and the applicant's own inadvertent recognition that allegedly arbitrary local ordinances are subject to court scrutiny, it is clear that the complaint alleges facts which, if true, state a claim for relief.

The applicant for intervention has failed to satisfy each of the four requirements for non-statutory intervention as of right, and therefore the motion to intervene must be denied. Moreover, permissive intervention by this applicant is totally unwarranted and will not be allowed. Aside fom the obvious defects in applicant's standing and claimed interest, the collateral and extrinsic issues advanced by the applicant would unduly complicate this litigation if permissive intervention were granted.

### ABSTENTION

The defendant has filed its answer, and thus this cause is at issue and may be set for trial. However, counsel for plaintiff and defendant, in their joint motion to extend time for defendant's response to discovery, have informed the Court that a referendum held in the defendant City of Boca Raton on April 17, 1973, may resolve the issues presented in this lawsuit. In that event counsel shall promptly notify the Court and submit a stipulated order for dismissal form for entry by the Court.

Failing an amicable settlement between the parties, the question of abstention must be resolved prior to scheduling this cause for trial. Therefore, counsel shall file with the Court on or before May 3, 1973, memoranda of law with respect to whether the Court should abstain from exercising its jurisdiction in this cause.